DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice* application forthcoming
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone:    (202) 861-5251
Facsimile:    (202) 232-7203
dsnyder@publicjustice.net

RACHEL S. DOUGHTY (California State Bar No. 255904)
LILY A. RIVO (California State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
Telephone:    (510) 900-9502
Facsimile:    (510) 900-9502
rdoughty@greenfirelaw.com
lrivo@greenfiirelaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, UNIFORMED SERVICES UNIVERSITY OF THE HEALTH SCIENCES<br><br>             Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act |

## INTRODUCTION

1. This action, through which Plaintiff US Right to Know ("USRTK" or "Plaintiff") seeks access to government records held by Defendant United States Department of Defense, Uniformed Services University of the Health Sciences ("USU" or "Defendant") is premised upon, and consequent to, violations of the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., and applicable Department of Defense ("DOD") FOIA regulations promulgated thereunder, 32 C.F.R. Part 286 – "DOD FREEDOM OF INFORMATION ACT (FOIA) PROGRAM." This action challenges the unlawful failure of the Defendant to abide by the statutory requirements of the FOIA and applicable Department of Defense implementing regulations.

2. Defendant is unlawfully withholding from public disclosure information sought by USRTK, information to which USRTK is entitled and for which no valid disclosure exemption applies or has been properly asserted. In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by the FOIA by: (Count I) failing to provide a timely final determination on USRTK's FOIA Request; (Count II) unlawfully withholding records from public disclosure for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable portions of those records; and (Count III) failing to provide an updated "estimated date of completion."

3. The records requested by USRTK are likely to contribute significantly to the understanding of the operations or the activities of the government. USRTK is a 501(c)(3) nonprofit organization and, by its nature, has no commercial interest in the requested records.

4. USRTK seeks declaratory relief establishing that USU has violated the FOIA and that such actions entitle USRTK to relief thereunder. USRTK also seeks injunctive relief directing USU to conduct a reasonably adequate search for records and to promptly provide responsive material, to reasonably segregate portions of non-exempt records, and to provide proper justifications for any disclosure exemptions that are applied. Finally, USRTK requests that the Court award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action.

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO.:_____

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B). That provision of the FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides, or has his principal place of business[.]" USRTK both resides and maintains its principal place of business in the Northern District of California.

6. The Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

**INTRADISTRICT ASSIGNMENT**

7. Pursuant to Local Rule 3-2(c), this case is properly brought in the San Francisco Division of the Northern District of California because a substantial part of the events and omissions which give rise to the claims alleged herein occurred in the County of San Francisco.

8. Under the FOIA, 5 U.S.C. § 552(a)(4)(B), jurisdiction vests in the district court where "the complainant resides" or "has his principal place of business."

9. Plaintiff resides in the County of San Francisco.

10. Plaintiff has its principal place of business in the County of San Francisco.

11. As such, under the L.R. 3-2(c), (d), intradistrict assignment to the San Francisco division is proper.

**PARTIES**

12. Plaintiff USRTK is a 501(c)(3) nonprofit corporation organized under the laws of the State of California. USRTK is a public interest, investigative research group focused on promoting transparency for public health. USRTK works nationally and globally to expose corporate wrongdoing and government failures that threaten the integrity of food systems, the environment, and human health.

13. Defendant United States Department of Defense, Uniformed Services University of the Health Sciences, is an agency of the United States executive branch.

14. USU qualifies as an "agency" under the FOIA, the records sought are "records" under the FOIA, and because USU is in possession and control of the records sought by USRTK, USU is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

2
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

**LEGAL FRAMEWORK**

15. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

16. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

17. The FOIA allows an agency to extend the twenty-day determination deadline, however, by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 32 C.F.R. § 286.8(c). A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." 32 C.F.R. § 286.8(c).

18. Permissible "unusual circumstances" are limited to: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19. An agency is entitled to one ten-business day extension. 5 U.S.C. § 552(a)(6)(B)(i). The written notice provided to the requester must specify the specific unusual circumstances justifying the extension and the date on which a final determination is expected to be dispatched. *Id.*; 32 C.F.R. § 286.8(c).

20. In some circumstances, the FOIA allows an agency to invoke an extension beyond ten days. To invoke a longer extension, the FOIA requires an agency to provide written notification to the

requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an "alternative time frame" for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii); 32 C.F.R. § 286.8(c).

21. As part of invoking an "alternative time frame" extension, the agency must also make available to the requester its FOIA Public Liaison, who is tasked to resolve any dispute between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii); 32 C.F.R. § 286.8(c).

22. FOIA Public Liaisons "shall serve as supervisory officials" and "shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes." 5 U.S.C. § 552(l).

23. Even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i); 32 C.F.R. § 286.8(c) ("Whenever the statutory time limit for processing a request cannot be met because of 'unusual circumstances,' as defined in the FOIA, and the DoD Component extends the time limit on that basis, the DoD Component must, before expiration of the 20-day period to respond, notify the requester in writing of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed.").

24. "Exceptional circumstances" for failure to comply with applicable time limits "does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

25. If an agency fails to provide a final determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

26. The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C. § 552(a)(6)(B)(i).

27. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable efforts to search" for responsive records. 5 U.S.C. §

552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

28. In furnishing records responsive to a request under the FOIA, an agency may, for a limited set of categories of information, exclude or withhold such information from disclosure. 5 U.S.C. § 552(b). However, even where proper justification exists for withholding such information, the agency must provide the remaining portions of records that are reasonably segregable from the properly withheld portions thereof. *Id.*

29. Except in certain circumstances, when an agency produces a record in response to a FOIA request but withholds a portion thereof, the agency must indicate the volume of information withheld and the exemption under which such information has been withheld. *Id.*; 5 U.S.C. § 552(a)(6)(F).

30. An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action. 5 U.S.C. § 552(a)(4)(B).

31. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

32. An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as USRTK, "fees shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(III).

33. Agencies are prohibited from assessing search fees if the agency fails to comply with the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(A)(viii).

## STATEMENT OF OPERATIVE FACTS

34. USRTK submitted a FOIA Request to USU on January 11, 2021 (the "Request"). The Request sought a waiver of all fees associated with processing the Request. A copy of the Request is

attached hereto as **Exhibit A**.

35. The Request was uploaded electronically using the Office of the Secretary of Defense and Joint Staff's ("OSD/JS") website portal at https://pal.whs.mil.

36. OSD/JS processes requests for records in the possession and control of USU. *See* https://www.esd.whs.mil/FOID/Submit-Request/ (stating that OSD/JS is the FOIA office for the Uniform Services University of the Health Sciences).

37. The Request seeks agency records pertaining to two named USU employees, with distinct two parts. Part I of the Request asks for agency records transmitted to, or received by, the two USU employees and two specific email domains, "@ecohealthalliance.org" and "@wh.iov.cn." Part II of the Request seeks correspondence between the identified USU employees and 18 specific email addresses. The time period covered by the Request was January 1, 2018, to the present.

38. USRTK has no commercial interest or value in records responsive to the Request.

39. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the SARS-CoV-2 virus and the COVID-19 pandemic in the United States.

40. USRTK has a demonstrated track record of obtaining and disseminating information obtained under the FOIA and state public records laws concerning public health. Since 2015, USRTK has obtained, posted online, and reported on thousands of industry and government documents gathered via public records requests. USRTK's work has contributed to three New York Times investigations, 15 academic papers in public health journals, 13 articles in the BMJ, one of the world's leading medical journals, and global media coverage documenting how food and chemical corporations impact public health and the environment. USRTK's staff has expertise in investigative journalism and advanced research, especially as it concerns impacts on human health.

41. USRTK's investigation of the origins of COVID-19 has been featured in news outlets around the world, including the Wall Street Journal, Washington Post, Science, BMJ, USA Today, New Yorker, Vanity Fair, Fox News, The Intercept, Sky News Australia, Daily Mail, The Australian, Bulletin of the Atomic Scientists, RAI 3's Presadiretta, Le Parisien, Le Point, CNET, Taiwan News, La Jornada,

1    The Sun, Daily Caller, New York Post and many others.

2    42.     USRTK shares its findings with media outlets, public health and medical journals, and
3 through its own library of information, available online at: <http://www.usrtk.org>. Many of USRTK's
4 documents are available through the USRTK Agrichemical Collection of the University of California,
5 San Francisco's ("UCSF") Chemical Industry Documents Archive, available online at:
6 <https://www.industrydocuments.ucsf.edu/chemical/collections/usrtk-agrichemical-collection/>, and the
7 USRTK Food Industry Collection of the UCSF Food Industry Documents Archive, available online at:
8 <https://www.industrydocuments.ucsf.edu/food/collections/usrtk-food-industry-collection/>.

9    43.     According to the Department of Defense's FOIA Portal, the Request was received by
10 USU on January 11, 2021, and assigned tracking number "21-F-0416."

11    44.     According to the Department of Defense's FOIA Portal, the Request was given an
12 original estimated "delivery date" of June 1, 2021.

13    45.     USRTK did not receive any further communications about the Request from USU for
14 two years.

15    46.     On January 11, 2023, USRTK wrote via email to Ms. Stephanie Carr, Chief of the Office
16 of the Secretary of Defense and Joint Staff's Requester Service Center. In that correspondence, USRTK
17 requested that Defendant provide a formal determination on the Request dated January 11, 2021,
18 respond to USRTK's requested waiver of fees and costs, and provide an updated estimated completion
19 date. That correspondence was also emailed to the OSD/JS FOIA Public Liaison.

20    47.     To date, USRTK has received no further communication from USU about the Request.

21    48.     To date, USU has not provided USRTK with an updated estimated date of completion.
22 The last estimated date of completion provided by USU expired over two years ago.

23    49.     To date, USU has not provided USRTK with a timely and lawful "determination" that
24 informs USRTK of (1) USU's determination of whether or not to comply with the Request; (2) the
25 reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency. 5 U.S.C. §
26 552(a)(6)(A)(i).

27    50.     At no time has USU lawfully invoked the FOIA's "unusual circumstances" exception to

28

7
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

the FOIA's twenty-day determination deadline.

51. USU has not shown due diligence in responding to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

52. To date, USU has failed to issue a decision on USRTK's request for a waiver of fees associated with the processing of the Request.

53. To date, USU has not produced a single record responsive to the Request.

54. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

55. USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND DEPARTMENT OF DEFENSE REGULATIONS:

### FAILURE TO PROVIDE TIMELY FINAL DETERMINATION

56. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

57. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated by USU's failure to provide a timely and legally adequate final determination on the Request.

58. To date, nearly two years after the initial estimated "delivery date," USRTK has not received any written communication from USU about whether the Agency will comply with the Request, the Defendant's reasons for making that decision, and any right of USRTK to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i); 32 C.F.R. Part 286.

59. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating FOIA's response

1  deadlines.

2  60.  Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court,
3  USU will continue to violate USRTK's rights to receive public records under the FOIA.

4  61.  USU's failure to make a final determination on the Request within the statutory
5  timeframe has prejudiced USRTK's ability to timely obtain public records.

## COUNT II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:

### UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

62.  The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

63.  USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA. USRTK's rights in this regard were violated when USU failed to promptly provide public, non-exempt records to USRTK in response to the Request, 5 U.S.C. §§ 552(a)(3)(A) & (b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. § 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material, 5 U.S.C. § 552(b).

64.  USU is unlawfully withholding public disclosure of information sought by USRTK, information to which it is entitled and for which no valid disclosure exemption applies.

65.  USRTK has constructively exhausted its administrative remedies with respect to this claim for the Request.

66.  USRTK is entitled to injunctive relief to compel production of all non-exempt, responsive records.

67.  Based on the nature of USRTK's organizational activities, USRTK will undoubtedly continue to employ FOIA's provisions to request information from Defendant in the foreseeable future.

68.  USRTK's organizational activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines as it has in this case.

69.  Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, USU will continue to violate the rights of USRTK to receive public records under the FOIA.

## COUNT III

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION

70. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

71. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA. USRTK's rights in this regard were violated by USU's unlawful failure to provide an updated estimated date of completion for the Request, as required by the FOIA, 5 U.S.C. § 552(a)(7)(B)(ii).

72. USRTK formally requested that USU provide an updated estimated dates of completion for the Request after the original estimated completion date, June 1, 2021, expired. No response was received from USU.

73. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from USU in the foreseeable future. These activities will be adversely affected if USU is allowed to continue violating the FOIA's requirements for providing USRTK with an estimated date of completion or updated estimated date of completion on its FOIA requests.

74. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

## REQUEST FOR RELIEF

Wherefore, USRTK prays that this Court:

1. Order Defendant to promptly provide USRTK all of the information sought in this action and to immediately disclose the requested records for the Request unless an exemption is properly claimed and properly applies.

2. Declare Defendant's failure to provide USRTK with a final determination for the Request as unlawful under the FOIA.

3. Declare Defendant's failure to promptly provide USRTK with all non-exempt records

responsive to the Request as unlawful under the FOIA.

4. Declare Defendant's failure to provide USRTK with an estimated date of completion, or updated estimated date of completion, as required by 5 U.S.C. § 552(a)(7)(B)(ii), unlawful under the FOIA.

5. Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

6. Grant such other and further relief to USRTK as the Court may deem just and proper.

DATED: JUNE 15, 2023.

/s/ Rachel Doughty
RACHEL S. DOUGHTY (California State Bar No. 255904)
LILY A. RIVO (California State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
Telephone:  (510) 900-9502
Facsimile:  (510) 900-9502
rdoughty@greenfirelaw.com
lrivo@greenfirelaw.com

/s/ Daniel C. Snyder
DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice* application forthcoming
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone:  (202) 861-5251
Facsimile:  (202) 232-7203
dsnyder@publicjustice.net

*Attorneys for Plaintiff US Right to Know*

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on June 15, 2023, from Rachel S. Doughty and Daniel C. Snyder for the filing of this document.

/s/Lily Rivo
Lily Rivo
ATTORNEY FOR PLAINTIFFS

11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____