DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 861-5251
Facsimile: (202) 232-7203
dsnyder@publicjustice.net

RACHEL S. DOUGHTY (California State Bar No. 255904)
LILY A. RIVO (California State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
rdoughty@greenfirelaw.com
lrivo@greenfiirelaw.com
Attorneys for Plaintiff US RIGHT TO KNOW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**US RIGHT TO KNOW**, a California Non-Profit Corporation,

    Plaintiff,

*vs*.

**UNITED STATES DEPARTMENT OF DEFENSE, UNIFORMED SERVICES UNIVERSITY OF THE HEALTH SCIENCES,**

    Defendant.

Case No. 3:23-CV-02956-TSH

**DECLARATION OF DAVID BAHR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

I, David Bahr, do hereby declare under penalty of perjury:

**1.** I am an attorney licensed to practice law in Oregon (admitted in 1990), the United States District Court for Oregon (admitted in 1992), United States District Court for the District of Columbia (admitted in 2015) and the United States Courts of Appeals for the Second, Ninth and Tenth Circuits

(admitted in 2019, 1994 and 2009, respectively). I remain a member in good standing of all six bars. Over three plus decades I have been admitted *pro hac vice* to litigate cases in federal or state proceedings in many venues, including Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, Nevada, New Jersey, New Mexico, New York, Texas, Vermont, Washington and Wyoming..

2. I have been actively involved in public interest litigation since I joined the Oregon State Bar in 1990. Upon passing the Bar Exam in 1990, I worked with Sorenson Law Offices until 1993 representing plaintiffs in public records litigation and federal environmental and as well as criminal defendants in state court. In 1993, I was asked to join the litigation effort in the matter of *In Re Hanford Nuclear Reservation Litigation*, CY-91-3015-AAM (E.D. Wash), where I expended the better part of a year personally directing Plaintiffs' on-site discovery operations in Richland, Washington. That project involved supervising a crew of up to ten attorneys and paralegals in the review and analysis of approximately 18 million pages of archival materials as the foundation of document production efforts in a highly complex federal class action. This unique experience provided me with invaluable and direct exposure and training in the actual practice, tactics and strategy involved in major complex federal litigation in a manner and to an extent beyond what one would normally expect for an attorney who was then less than three years removed from law school. From 1994 to 2002, I was a partner in the firm of Bahr & Stotter Law Offices, P.C., located in Eugene, Oregon. Beginning in 2002, I was a partner in the firm of David Bahr & Associates, P.C. In 2003, I joined the staff of the Western Environmental Law Center as a senior attorney in the Northwest Office in Eugene, Oregon from which I represented cases throughout the West. At the beginning of 2010, I left WELC and established Bahr Law Offices, P.C., a law firm with a focus on public records and natural resource litigation.

3. Since 1990, I have presented numerous seminars, workshops and Continuing Legal Education programs in conjunction with professional and community groups regarding litigation in state and federal courts. The subjects of these presentations included: public records, civil procedure, motions

practice, discovery, ethics, the Freedom of Information Act (and various state analogues), the National Forest Management Act, the Federal Land Policy and Management Act, the Endangered Species Act, the Clean Water Act, the National Environmental Policy Act, the Wilderness Act, the Administrative Procedure Act and the federal Quiet Title Act. Additionally, from 2003 to 2009, I was a lecturer/student supervisor for the Environmental Law Clinic of the University of Oregon School of Law. Additionally, my views and public testimony regarding public transparency and open records laws have been solicited by the United States House of Representatives, the Oregon Legislature and the Oregon Attorney General. I am also periodically requested to provide expert testimony pertaining to matters such as FOIA litigation and practice or billing practices, recent examples include: *Grand Canyon Trust v. Bernhardt*, 947 F.3d 94 (D.C. Cir. 2020); *Kathrens, et al. v. Bernhardt, et al.*, 3:18-cv-01691-MO, dkt. ##65-6, 76-2 (Bahr Decls.) (D. Or. 2020); *Jimenez, et al. v. Department of Homeland Security, et al.*, 1:19-cv-21546-DPG, dkt. #71-1 (Bahr Decl.) (S.D. Fla. 2019).

**4.** My practice emphasizes public record administrative and court work and I represent clients in such matters throughout the country. My docket is nationwide and I have litigated both state and federal matters throughout the country as well as federal appellate matters in the United States Second, Ninth and Tenth Circuit Courts of Appeal. Most of my current work concentrates on FOIA cases and I am one of the very few private attorneys outside of the Washington, D.C. area that I am aware of making public records litigation the focus of his practice. A digested list of representative cases is attached to this declaration.

**5.** My FOIA expertise and reputation is reflected by my two-year appointment, in 2014, to the twenty-member Freedom of Information Act Advisory Committee, created under the auspices of the National Archives and Records Administration. The Committee's purpose is to build upon "the expertise and valuable advice the Committee members will provide on issues related to improving the administration of the Freedom of Information Act." *See* 79 Fed. Reg. 25626 - 25627 (May 5, 2014) and

https://ogis.archives.gov/foia-advisory-committee.htm. My role on the Committee was to help the Executive Branch improve the administration of FOIA and to recommend legislative action, policy changes or Executive actions, among other matters.

6. In addition to my public service, I was one of two principals in FOIAdvocates (http://www.foiadvocates.com), an Internet project I started in 2000 that is intended to foster greater public access to information possessed by state and federal governments. I was a recipient of the 2001 Sunshine Award issued by the Society of Professional Journalists. The Award is presented to individuals and organizations which the Society determines have made "a significant contribution to public understanding and education about laws governing open records and meetings" and to "recognize outstanding efforts in advocacy under the Freedom of Information Act (FOIA) and state public records laws and personal courage in working to keep public information publicly available." I was also honored to have been awarded the Kerry L. Rydberg Award for accomplishments in public interest public interest litigation by the 1999 Public Interest Law Conference at the University of Oregon Law School.

7. As outlined above, over the passage of time, I have developed somewhat of a boutique/niche practice with the primary focus being public records and environmental litigation. It is my understanding that I enjoy a sound reputation for having demonstrated effective trial and appellate litigation skills and abilities. My work spans the country and I have been rewarded with fee recoveries in the upper ranges of relevant legal markets. It is with this background that I have reviewed the materials outlined below and formed an opinion as to the reasonableness of the time expended by Plaintiff's counsel.

**MATERIALS REVIEWED**

8. To render an opinion on fees in this matter I have considered the time expended by Plaintiff's counsel and their levels of experience in relation to my personal knowledge of the billing practices and rates of the San Francisco legal community as well as my understanding of the nature and scope of

DECLARATION OF DAVID BAHR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS          4

legal work typically required to litigate FOIA cases. I have reviewed: the parties' pleadings, the stipulation (and order) regarding case management and FOIA record production, Plaintiff's time sheets and the declarations of its counsel and supporting documents (in close to final version draft format) offered in support of Plaintiff's fee motion. I have also reviewed various correspondence and emails exchanged by the parties in this matter as well as the Court's docket report. Finally, I have reviewed the records disclosed by Defendant pursuant on November 29, 2023, to this Court's production order, ECF No. 24. I also reviewed the same documents re-released on July 3, 2024, after the removal of the almost all of the redactions originally withholding information in the first tranche of records.

## REASONABLENESS OF TIME EXPENDED IN THIS MATTER

9. Overall, my review of the materials in this case indicates that plaintiff's attorneys were efficient in prosecution of this case and that the very modest amount of time for which compensation is requested is reasonable and appropriate.

10. Plaintiff's counsel seek compensation for their case-in-chief phase and for attempting to negotiate a fee settlement and preparing the initial fee motion. At the top level, these tasks include: researching, drafting and filing the Complaint; reviewing and editing reports to the Court; reviewing Defendant's document productions for consistency with FOIA and the Agency's pledges in litigation; corresponding as necessary with opposing counsel including when it appeared that withholding decisions misapplied FOIA, communications the generated additional disclosure of information; negotiating about the possible settlement of substantive claims, and; attempting to settle the issue of litigation costs and attorney fees and developing the instant motion. Plaintiff seeks fees as documented in counsel's time logs. Notably, in a good-faith exercise in billing judgment, Plaintiff has "no charged" 24.16 hours of recorded time valued at $15,773.73 which is approximately 21% of the amount for which compensation is requested for counsel's work. Snyder Declaration, Exhibit F, p. 5; Doughty Declaration,¶ 6. I further

note that Plaintiff does not seek recovery for any time spent at the administrative level.[1] It appears from the materials I have reviewed that wherever possible, Plaintiff's counsel delegated tasks to the lowest paid staff or attorney able to perform the work, thus minimizing the cost of the litigation. In my opinion time for which Plaintiff seeks compensation is very reasonable and appropriate for a case of this type. Indeed, as explained below, the modest amount of time for which compensation is requested is below what similar FOIA cases have settled for.

11.   Because I have seen it many times before in the cases I review, as well as my own, I expect that Defendant may object that the time expended by Plaintiff's counsel is "excessive" for a case without contested briefing. I believe that the strength of the Plaintiff's very well considered and drafted Complaint presumably played a significant role in motivating Defendant to resolve this merits phase of this case through settlement instead of dispositive briefing, a transition of litigation posture that ultimately caused the disclosure of the previously withheld records without taking up time on the Court's docket. Consequently, Plaintiff was able to obtain documents it requested free of charge and without litigating liability, contested litigation that would have resulted in substantially more time, costs and fees in this case. Accordingly, in my view, should Defendant object to the time Plaintiff's counsel expended in this matter simply because they managed to avoid spending more time in contested briefing by resolving this matter via a merits settlement, they are overlooking — or mischaracterizing — the efficiencies represented by Plaintiff's skillful, streamlined, and effective litigation strategy in this matter.

12.   In the approximately 35 years that I have been interacting with agencies processing FOIA

---

[1] Although I recognize that courts have split on the recovery of fees for time spent during the administrative phase of a FOIA case, a number of courts have ruled that such time is compensable. *See, e.g., Center For Biological Diversity v. U.S. Fish And Wildlife Service*, 703 F.Supp.2d 1243, 1248-49 (D. Colo., 2010) (collecting cases awarding FOIA fees for administrative phase work); *see also Or. Natural Desert Ass'n v. Gutierrez*, 442 F.Supp.2d 1096, 1101 (D. Or. 2006) (awarding fees for administrative FOIA time because "exhaustion of remedies is required" in FOIA litigation).

DECLARATION OF DAVID BAHR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS          6

requests, I have learned that it is an unfortunate fact of life that very often they do not timely resolve — or even begin processing — FOIA requests within the deadlines mandated by Congress. Instead, agencies often will not begin processing a request until litigation is filed. Sometimes such delay simply reflects an under-resourced agency's triage allocation of scarce resources. However, unfortunately — as recognized in the Senate Committee on the Judiciary's Report on the Open Government Act of 2007 ("2007 FOIA Amendments") — in other instances it is:

> possible for an obstinate government agency to substantially deter many legitimate and meritorious FOIA requests. Here's how: A government agency refuses to disclose documents even though they are clearly subject to FOIA. The FOIA requestor has no choice but to undertake the time and expense of hiring an attorney to file suit to compel FOIA disclosure. Some time after the suit is filed, the government agency eventually decides to disclose the documents. . .

S. Rep. No. 110-59, at 4, n. 3 (2007).

My review of the facts of this case, such as the Defendant's almost complete "radio silence" for the more than 30 months between receiving Plaintiff's FOIA request and the filing of the Complaint in this case coupled with no pre-litigation record disclosures, leads me to the conclusion that the Defendant is the type of "obstinate government agency" that concerned the Senate Judiciary Committee.

13. Based on my review of the records of this case, Defendant's pre-litigation obstinacy continued after the Complaint was filed. For example, Defendant's Answer, ECF No. 22, contains unreasonable affirmative defenses such as: failure to state a claim (First Affirmative Defense); "The information that Defendant has withheld or will withhold in response to Plaintiff's FOIA request *may be* exempt[2] in whole or part from public disclosure under FOIA," (Second Affirmative Defense); lack of subject matter jurisdiction (Third Affirmative Defense); "Plaintiff's FOIA requests fail to reasonably

---

[2] After the passage of more than 35 months since first receiving the FOIA request, and three months after the Complaint was filed, Defendant was *still* uncertain as to the exemption status of the records?

describe the records sought," [3] (Fourth Affirmative Defense), and; "Plaintiff has not alleged sufficient factual and/or legal bases for its request for attorneys' fees and/or costs," [4] (Fifth Affirmative Defense)

14. More tellingly, the lack of foundation for Defendant's withholding decisions presented in the November 29, 2023 record disclosures was ultimately exposed by Defendant's July 3, 2024 re-release of those same documents with the removal of virtually all of the redactions previously claimed under FOIA's Exemptions 3 and 5 and most of those previously asserting Exemption 6. The ultimate disclosure of the unlawfully withheld information contained in this documents these documents was directly caused by the "push-back" of Plaintiff's counsel. This effort required Plaintiff's counsel to spend significant time and energy, expenditures that were a direct consequence of Defendant's overly broad — and thus unlawful — assertions of FOIA's disclosure exemptions in the first two rounds[5] of production. It is my opinion that the need for Plaintiff's counsel to spend this time and expense would have been obviated if Defendant had properly disclosed the records at issue in November, 2023 rather than, finally, in July, 2024.

15. Additionally, I am personally familiar with a number of FOIA cases that similarly did not involve contested briefing but still involved substantially more hours for the requesters' attorneys than were expended by Plaintiff's counsel in this matter and settled for substantially larger amounts than at issue here. Notably, even in venues with substantially lower billing rates than apply in the San Francisco legal market, these matters were resolved by federal agencies agreeing to pay more, in some instances significantly more, costs and fees to resolve the cases. These lump-sum figures are important illustrators

---

[3] A claim never raised during the administrative phase of this matter and one that is patently false

[4] Paragraph 55 of the Complaint alleges: "USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA."

[5] Defendants made a second round of disclosures on February 28, 2024 that continued its unlawfully broad assertion of disclosure exemptions.

DECLARATION OF DAVID BAHR IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
COSTS

8

of the recognized lodestar value of these cases and thus reflect the parties' mutual — if grudging — consensus of a "reasonable" settlement figure; an amount that necessarily subsumes and incorporates "reasonable time" expended. Accordingly, these cases are useful to illustrate the degree of efficiency that Plaintiff's counsel has employed to litigate this case.

**16.** For example, I was co-counsel (with Mr. Becker) in *Southern Utah Wilderness Alliance v DOI*, No. 19-2203-TNM (D.D.C.), a FOIA case that settled in 2021. Like this case, it was uncontested (no summary judgment briefing), it lasted two years but generated very few court filings (the stipulated dismissal was ECF # 30), yet the agency agreed to a settlement amount of $81,000 based on 164.3 hours of billable time. Additionally, in a similar DC FOIA case that settled in 2021, *Southern Utah Wilderness Alliance v DOI*, No. 17-2111-KBJ (D.D.C.), the parties agreed to resolution based on a lump sum payment of $75,000 in a matter that involved over 200 hours of compensable time expended over four years. It was also uncontested and the court filings consisted primarily of joint status reports. Notably, both of these cases settled using the below D.C. market hourly rates set by the old USAO Matrix (now superseded by the substantially higher, rates used in the *Fitzpatrick* Matrix). Moreover, in 2022, yet another DC FOIA case, *Wilderness Society v. United States Department of Interior*, No. 18-1089-RBW (D.D.C.) was resolved. It was uncontested, required three years of litigation but generated very few court filings (the stipulated dismissal was ECF #40) plaintiff's counsel incurred 94.1 hours of compensable time, and the parties reached a compromised settlement amount of $53,849.57. Similarly:

- I was lead counsel in *Center for Biological Diversity, et al. v. U.S. Department of State, et al.,* No. 17-cv-937-TSC (D.D.C.), yet another case without contested briefing that generated very few court filings (the stipulated dismissal was ECF #45) in which defendants settled in 2022 for $50,000 based on 150.8 hours of compensable time.

- I was co-counsel in *Friends of the Earth v. United States Coast Guard*, No. 16-cv-00549-TSC (D.D.C.), yet another case without contested briefing in which defendant settled in 2016 for $47,000 based on 95.1 hours of compensable time. *See, e.g.*, Stipulation Of Settlement And Order Of Dismissal, ECF #20 (Oct. 14, 2016).

- I was lead counsel in a case in this District — one in which Ms. Doughty was co-counsel

DECLARATION OF DAVID BAHR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS    9

— *Stein v. United States Department of Commerce*, No. 3:15-cv-03510-JST (N.D. Cal) that settled in 2016 for $70,000 based on 166.30 hours of compensable time. *See, e.g.*, Stipulation Re Settlement And Dismissal With Prejudice**,** ECF #37 (July 22, 2016). Just as with this case, there was no contested briefing in a case that lasted about a year.

• I was co-counsel in a case in another case — *Northwest Environmental Advocates v. . U.S. Environmental Protection Agency*, No. 3:15-cv-01293-PK (D. OR) — that settled for $63,000 in 2016 based on 205.4 hours of compensable time. *See, e.g.*, Stipulation of Settlement With Prejudice**,** ECF #46 (Dec. 21, 2016). Again, as with this case, there was no contested briefing in a case that lasted about a year and a half.

• I was lead counsel in a case in another case — *Greater Hells Canyon Council v. United States Department of Agriculture, et al*, No. 3:22-cv-00980-MO (D. OR) — that settled for $69,000 in 2024 based on 149.8 hours of compensable time. Again, as with this case, there was no contested briefing and few court filings, the 60-Order of Dismissal was ECF #25 (Oct. 15, 2024), in a case that lasted about a year and a half.

These are all cases that I am personally familiar with and the parameters of time expended and lump sums negotiated are very typical for so-called "sue and settle" FOIA litigation where no contested briefing is required. In addition to this modest collection of cases, it is my view — and apparently the perspective of my opposing counsel who worked with the various defendant agencies to agree to these settlement figures — that the time expended and monies paid are representative of a "reasonable expenditure of time" in FOIA cases of this type. Significantly, even in a FOIA case involving a negotiated disclosure process such as this matter, there are almost always a variety of good-faith disagreements or questions regarding production, withholding, or search adequacy and other deviations from the most direct route to resolution. These matters each require time and expense to address as reflected in the time records Plaintiff provides here, records that I believe reflect the necessary and reasonable expenditures of time spent prosecuting this case.

**17.** In my review of the case file, I note also that the time expended for the case evaluation, initial work up, and the research and drafting of the complaint — approximately 8.4 hours — were all necessarily incurred, surprisingly modest and well within the range courts have awarded for developing and filing a complaint. *See, e.g., Sierra Club v. U.S. Environmental Protection Agency*, No. 19-cv-03018-

APM, 2021 WL 7210058 at * 5, Memorandum Opinion And Order (D.D.C. March 31, 2021) (awarding fees for the 10 hours spent developing a complaint, noting that "that courts routinely allow eight to twelve hours for a complaint.") (internal punctuation and citation omitted); *see also Columbia Riverkeeper v. U.S. Army Corps of Engineers*, 2015 U.S. Dist. LEXIS 58475 (finding 24.3 hours on a "simple" complaint reasonable); *Bryan E. Sheppard v. United States Department of Justice*, No. 17-1037-NKL, 2022 WL 24548, at * 9 (W.D. Mo. Jan. 25, 2022) (awarding fees for 62.0 hours for drafting and filing a FOIA complaint); *Am. Immigration Council v. DHS*, No. CV 11-1972-JEB, 2015 WL 1044534, at *12 (D.D.C. Mar. 10, 2015) (finding 19 hours to be "reasonably necessary" to develop a nine page complaint stating a single claim for relief); *Elec. Priv. Info. Ctr. v. Fed. Bureau of Investigation*, 72 F. Supp. 3d 338, 350 (D.D.C. 2014) (approving 21.4 hours for work on complaint); *Prison Legal News v. Columbia Cnty.*, No. 3:12-cv-00071-SI, 2014 WL 1225100, at *9 (D. Or. Mar. 24, 2014) (150 hours was reasonable for researching and drafting the complaint in a civil rights suit).

**18.** Overall, in my review of the case file, I noted somewhat of a pattern of delay and avoidance by Defendant — *see, e.g.,* Declaration of Daniel Snyder filed herewith at ¶¶ 12-24 for a detailed recitation of this pattern that is incorporated by this reference — that forced Plaintiff's counsel to spend more time litigating this matter than would otherwise be expected.

**19.** Because it is almost a type of shibboleth for defendants to object to "time spent reviewing documents" in FOIA cases, I want to state that the extremely modest amount of time spent by Plaintiff's counsel reviewing the records produced to monitor and enforce Defendant's compliance with FOIA — approximately 3.8 hours — was necessarily incurred and fully compensable. Although time expended in general review of documents disclosed in FOIA litigation for their substantive content is typically not compensable, when document review is undertaken to ensure a defendant's compliance with FOIA — as is clearly represented in Plaintiff's time records — it is fully compensable:

DECLARATION OF DAVID BAHR IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS                11

> While FOIA litigants "[g]enerally . . . should not recover fees for time spent reviewing responsive documents," courts usually grant "some fees where document review is necessary to evaluate the sufficiency of production or to challenge withholdings." *Urban Air Initiative*, 442 F. Supp. 3d at 324-25; *see also Elec. Privacy Info. Ctr. v. FBI*, 72 F. Supp. 3d 338, 351 (D.D.C. 2014) (finding it '"reasonable" that "counsel reviewed the . . . documents the [agency] produced during this case to ensure the agency's compliance with FOIA").

*Washington Post v SBA*, No. 20-1240 (JEB), Slip op. at 17 (D.D.C. Jan. 21, 2021). "[I]t would seem critical to the prosecution of a FOIA lawsuit for a plaintiff to review an agency's disclosure for sufficiency and proper withholding during the course of its FOIA litigation." *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F.Supp.2d 216, 239-40 (D.D.C. 2011). "It would seem critical to the prosecution of a FOIA lawsuit for a plaintiff to review an agency's disclosure for sufficiency and proper withholding during the course of its FOIA litigation." *New York Times Co. v. Cent. Intelligence Agency*, 251 F. Supp. 3d at 716 (approving 2 hrs of review of disclosed records to ensure compliance with FOIA as "eminently reasonable") (quoting *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 999 F.Supp.2d 61, 75 (D.D.C. 2013). "It is 'critical to the prosecution of a FOIA lawsuit for a plaintiff to review an agency's disclosure for sufficiency and proper withholding during the course of its FOIA litigation.'" *Schwartz v. DEA*, 13-CV-5004, at *10 (awarding fees for twenty hours spent on document review) (quoting *New York Times*, 251 F. Supp. 3d at 716); *see also Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 999 F. Supp. 2d at 75 (same); *Elec. Privacy Info. Ctr. v. FBI,* 72 F.Supp.3d at 351 ("While [plaintiff] did not subsequently challenge any of the [government's] redactions or seek further Court-ordered relief after the [government] finally produced the requested documents, it needed to review the documents before making those decisions.").

20. A plaintiff is therefore entitled to fees for time spent reviewing the adequacy of the defendants' production to determine how to proceed in litigation. *Elec. Privacy Info. Ctr. v. FBI*, 80 F.Supp.3d 149, 159 (D.D.C. 2015) ("[T]o the extent that the released documents are being reviewed to evaluate the sufficiency of the release or the propriety of a specific withholding so that the attorney can then challenge

the release or withholding, such document review time is properly included in a FOIA attorney's fees award."); *see also Hardy v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 293 F.Supp.3d 17, 30 (D.D.C. 2017) (same). "[I]t is illogical to suggest that a lawyer's time spent reviewing documents cannot be compensated. Without review of the documents produced, plaintiffs would have been unable to ascertain whether defendant had complied fully with its FOIA request and thus unable to determine what issues needed to be litigated." *Am. Civil Liberties Union of N. California v. Drug Enf't Admin.*, 2012 WL 5951312, at *5 (N.D. Cal. Nov. 8, 2012). "[W]hen a defendant produces documents during FOIA litigation, plaintiff's counsel must review the documents to determine if the production ends the litigation or if there are still compliance issues that necessitate further litigation. Such costs are litigation costs. Plaintiffs' request for post-production document review hours are recoverable litigation costs." *Am. Civil Liberties Union Immigrants' Right Projects v. U.S. Immigration & Customs Enf't*, Slip op. at 5-6 (N.D. Cal., Jan. 19, 2018).

**21.** As noted above, in this case, Plaintiff counsel's significant efforts "pushing back" against Defendants unlawful assertion of FOIA exemptions in the initial two rounds of production ultimately forced the release of the requested records without these improper withholdings. Moreover, Plaintiff accomplished this result without needing to engage this Court in contested briefing. All of this time should be fully compensated.

**22.** In conclusion, I have reviewed the detailed and itemized accounting of the time actually expended on the particular aspects of this case by Plaintiff's counsel. It is my understanding that, in an exercise of billing judgment, counsel did not charge for time thought to be incurred for duplicative or otherwise non-productive legal services which they would not have fairly billed a paying client. I find this practice to be an appropriate and reasonable one. Accordingly, it is my opinion, based upon my professional experience in federal public records litigation and the factors set forth above, that the modest total amount of legal time for which plaintiff is requesting reimbursement is reasonable and appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of December 2024 in Eugene, Oregon.

                                     _____
                                     David Bahr (Oregon Bar No. 901990)
                                     Bahr Law Offices, P.C.
                                     1035 ½ Monroe Street
                                     Eugene, OR  97402
                                     (541) 556-6439
                                     davebahr@mindspring.com

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on December 18, 2024, from Mr. Bahr for the filing of this declaration.

                                     ___/s/ *Rachel Doughty*
                                     Rachel Doughty
                                     ATTORNEY FOR PLAINTIFF