DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone:   (202) 861-5251
Facsimile:   (202) 232-7203
dsnyder@publicjustice.net

RACHEL S. DOUGHTY (California State Bar No. 255904)
LILY A. RIVO (California State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
Telephone:   (510) 900-9502
Facsimile:   (510) 900-9502
rdoughty@greenfirelaw.com
lrivo@greenfiirelaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, UNIFORMED SERVICES UNIVERSITY OF THE HEALTH SCIENCES,<br><br>    Defendant. | Case No. 23-CV-02956-TSH<br><br>**EXHIBIT D**<br><br>***TO***<br><br>**DECLARATION OF DANIEL C. SNYDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

| | |
|---|---|
| **From:** | Dan Snyder |
| **To:** | Smith, Valerie (USACAN) |
| **Cc:** | Lily Rivo |
| **Subject:** | RE: USRTK v. USU, 23-2956 -- Production |
| **Date:** | Tuesday, March 19, 2024 4:53:53 PM |

Hi Valerie – Thank you for providing the letter. I am pleased that USU took a close look at the b(6) exemptions and removed the overwhelming majority of redactions, as well as some of the Exemption 5 withholdings for materials that were not deliberate. Our universe of disputes has been narrowed.

Unfortunately, the letter falls short of sustaining the agency's burden to substantiate the application of the remaining disclosure exemptions.

First, as to the b(5) withholdings. The consultant corollary doctrine only extends deliberative process protection to "communications between Government agencies and outside consultants hired by them," so long as "the consultant does not represent an interest of its own, or the interest of any other client, when it advised the agency that hires it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 10 (2001). At bottom, the "consultant" must function "just as an employee [of the agency] would be expected to do."

Here, USU is withholding communications and records concerning scholarly publications and science with foreign nationals and non-governmental third parties, as well as information submitted by third parties to obtain funding from USU. These are not individuals "hired" or "contracted" by USU. They are not acting as employees of USU, but instead employees of, e.g., EcoHealth Alliance, the Chulalongkorn University in Thailand, Stanford, Duke, etc. They act in the interest of their own organizations, not USU. Indeed, in some instance they are seeking US taxpayer money to fund their research projects in areas *outside* of the United States. The test for the consultant corollary is not whether the non-agency individual acts as a "collaborator," as the letter repeatedly states, but rather whether the person acts as an employee of USU. That there is disagreement, edits, back-and-forth, and the like between so many diverse interests (from the UK, from Australia, from EcoHealth Alliance, from Stanford, from USC, etc. etc.) demonstrates these are not the functional equivalent of USU employees.

Moreover, you letter does not mention at all what deliberative process these records are part of from USU's perspective. From what USRTK can discern, these are records of routine agency operations. They are not related, per their own titles and content, to the "formulation of exercise of agency policy-oriented judgment." *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992). They are not predecisional in any way to any specific agency decision.

I note that you provide no authority in which the consultant corollary has been stretched this far. The only case provided, *Judicial Watch, Inc. v. U.S. Dep't of State*, 306 F. Supp. 3d 97 (D.D.C. 2018), pertains to then-Senator Clinton's efforts to become the confirmed nominee for Secretary of State. The consultant corollary applied to a legal advisor because Senator Clinton, the advisor, and State all operated in concert to ensure the Senator became the Secretary. That is quite different than the scenario here, where multiple individuals from multiple different non-governmental entities, including ones outside the United States, all being claimed as consultants of USU. *E.g.,* Email 5 &

Attachments (attachments sent from Ecohealth Alliance to individuals from Stanford, private email addresses, Duke, and "imperial.ac.uk," and others). It strains credibility to claim that these diverse people, from differing organizations, are all "consultants" of USU. Indeed, in this particular chain, the only involvement of USU is being CC'd on the emails, as not a single USU employee weighs in on the matters at hand. Perhaps most alarming, many of the records that USU is asserting are subject to Exemption 5 do not originate from within USU. *E.g.,* Email 6, wherein Jon Epstein of EcoHealth Alliance "invites comments" from a variety of individuals, including Christopher Broder of USU, about his draft scientific manuscript. A third-party researcher asking an employee of USU along with a dozen other scientists to "comment" on a manuscript does not transform that manuscript into a deliberative record, but nonetheless USU completely withheld both attachments.

A final note: it does not appear that USU completed a line-by-line analysis for segregability on these records. It is not possible that a draft scientific manuscript contains 100% deliberative recommendations or suggestions. *See, e.g.,* Email 17 Attachment 1 (containing page after page of purely factual material that is in no way intertwined with deliberative recommendations). Scientific papers contain factual information that is plainly segregable.

Second, as to b(3)(A). It appears in the revised documents that b(3)(A) is being overapplied to records beyond "proposals," and the fact that USU did not address the requirements of b(3)(A) as to each record makes it incredibly difficult to determine compliance with 10 USC 3309. For instance, what is the "solicitation for a competitive proposal" that USU put out publicly that generated these "proposals?" You indicate in your letter that "USU released final research grants in the February 28, 2024, production and only withheld proposal records that are exempt from release[.] But from what I can discern, the entirety of every proposal has still been fully withheld. It would be immensely helpful to limit our universe of disputed records if USU could provide a *Vaughn* index for the 3309 withholdings, such that we can evaluate our next steps. For instance, were specific proposals rejected? If not, and they were accepted, then why were the records still fully withheld? Subsection (c) of the statute makes clear that proposals which are set forth (or incorporated) in a final contract are not subject to the withholding statute.

As a path forward, I propose the following:

1. USU re-processes all the b(5) withholdings, especially the scientific manuscripts, for a line-by-line segregability analysis. If you can take just a quick glance at the articles that were produced in the production, I think you will understand our insistence on this point.
2. USU provides the specific *Vaughn* information to substantiate each of its b3(A) withholdings under 3099. Specifically, we request the agency provide a *Vaughn* index that describes (1) the specific solicitation for competitive proposal that USU or DOD publicly released; (2) whether the proposal being withheld was rejected and (3) if not, whether any portion of the proposal was set forth in a final contract with DOD (or incorporated by reference). Having this information now may limit or even eliminate this dispute at summary judgment.
3. USU provides a final position on whether it will stand by its consultant corollary invocations of Exemption 5. I note that, at summary judgment, the agency's burden

is to explain how *each* individual and organization on these emails acts as a functional equivalent of an agency employee for *each* of the b(5) withholdings, all as part of a predecisional, deliberative process at USU.

Valerie, please let me know soon how the agency wishes to proceed. USRTK is always open to mediation in lieu of motion practice, but I understand the Agency may not wish to put these withholdings in front of a judge for *in camera* review.

Best,

Dan

**From:** Smith, Valerie (USACAN) <Valerie.Smith2@usdoj.gov>
**Sent:** Thursday, March 14, 2024 7:27 PM
**To:** Dan Snyder <dsnyder@publicjustice.net>
**Cc:** Lily Rivo <lrivo@greenfirelaw.com>
**Subject:** RE: USRTK v. USU, 23-2956 -- Production

Hi Dan,

Attached please find the letter that we discussed last week. Please let me know if you would like to discuss anything further once you've had the opportunity to review. If there are specific concerns, please identify what they are in advance, so I may properly prepare for the call.

Best,
Valerie E. Smith
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
valerie.smith2@usdoj.gov
(415) 436-6985 (direct)

**From:** Dan Snyder <dsnyder@publicjustice.net>
**Sent:** Tuesday, March 5, 2024 10:56 AM
**To:** Smith, Valerie (USACAN) <VSmith2@usa.doj.gov>
**Cc:** Lily Rivo <lrivo@greenfirelaw.com>
**Subject:** [EXTERNAL] RE: USRTK v. USU, 23-2956 -- Production

Hi again Valerie,

Thanks for the call moments ago. To recap our discussion: you are working with the Agency to provide *Vaughn*-type information, but not a full-fledged *Vaughn* index, for the revised USU withholdings. You aim to provide that to us later this week or early next.

I will need time to review the information while referencing the revised production. After that, I anticipate we will need to confer at least one more time about any remaining

objectionable exemptions.

Best,

Dan

**From:** Dan Snyder
**Sent:** Monday, March 4, 2024 10:48 AM
**To:** 'Smith, Valerie (USACAN)' <Valerie.Smith2@usdoj.gov>
**Subject:** RE: USRTK v. USU, 23-2956 -- Production

Hi Valerie – I can confirm access now to USAFx.

One Q: USU had committed to providing a Vaughn index or something similar for these withholdings. Does USU still intend on providing such an index?

Best,

Dan

**From:** Smith, Valerie (USACAN) <Valerie.Smith2@usdoj.gov>
**Sent:** Thursday, February 29, 2024 1:44 PM
**To:** Dan Snyder <dsnyder@publicjustice.net>
**Subject:** RE: USRTK v. USU, 23-2956 -- Production

Hi Dan,

I sent you and Amber an email re: password reset. She should be able to send you instructions for your password issue.

I was also able to successfully upload the 4th file. You should be able to access all 4 of the zip drives via this link once your password issue is resolved. Just an FYI, you will need to log-in to USAfx every 60 days to maintain your account—or go through the password re-set issue every time.

Once you are in, if there are any issues downloading the zip drives, please let me know. Although fingers crossed we are good!

Valerie E. Smith
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
valerie.smith2@usdoj.gov
(415) 436-6985 (direct)

**From:** Dan Snyder <dsnyder@publicjustice.net>

**Sent:** Thursday, February 29, 2024 5:50 AM
**To:** Smith, Valerie (USACAN) <VSmith2@usa.doj.gov>
**Subject:** [EXTERNAL] RE: USRTK v. USU, 23-2956 -- Production

Well there's technical issues on my side as well. Can you please send me a link to reset my password? The one I have used previously is not working, and if I recall correctly a password reset link has to be done on your side of the technology.

Best,

Dan

---

**From:** Smith, Valerie (USACAN) <Valerie.Smith2@usdoj.gov>
**Sent:** Wednesday, February 28, 2024 8:31 PM
**To:** Dan Snyder <dsnyder@publicjustice.net>
**Subject:** USRTK v. USU, 23-2956 -- Production

Hi Dan,

As you know I am taking this case over for Ekta while she is out on leave and I am hopeful we can resolve it before she returns. I believe that there was an agreement to make a subsequent production today. I have been able to upload 3 of the 4 files. I have tried multiple things to try to resolve the issue with the 4th file and spent about an hour and a half trying to resolve this issue. Alas, I must forfeit for the night and acknowledge that I will need tech's help in solving this one. I will work with them first thing in the morning to get this issue sorted. Until then, you can find the 3 files I was successful in uploading on USAfx or through this link.

If you have any problems with the 3 files I have already uploaded, please let me know so I can work with IT to sort that issue out too.

Best,
Valerie E. Smith
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
valerie.smith2@usdoj.gov
(415) 436-6985 (direct)