1    PATRICK D. ROBBINS (CABN 152288)
     Acting United States Attorney
2    PAMELA T. JOHANN (CABN 145558)
     Chief, Civil Division
3    VALERIE E. SMITH (NYRN 5112164)
     Assistant United States Attorney
4

5        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
6        Telephone: (415) 436-6985
         FAX: (415) 436-6748
7        Valerie.smith2@usdoj.gov

8    Attorneys for Defendants

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                             SAN FRANCISCO DIVISION

12

13   U.S. RIGHT TO KNOW,                     )   CASE NO. 23-cv-2956-TSH
                                             )
14            Plaintiff,                     )
                                             )
15        v.                                 )   **DEFENDANTS' OPPOSITION TO MOTION**
                                             )   **FOR ATTORNEYS' FEES AND COSTS**
16                                           )
     UNITED STATES DEPARTMENT OF             )   Date: March 27, 2025
17   DEFENSE, UNIFORMED SERVICES             )   Time: 10:00 a.m.
     UNIVERSITY OF HEALTH SCIENCES,          )   Location: Courtroom E, 15th Floor
18                                           )
              Defendants.                    )   The Honorable Thomas S. Hixson
19                                           )

# TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................1

II.  BACKGROUND ..................................................................................................2

III.  STANDARDS .....................................................................................................3

IV.  ARGUMENT ......................................................................................................4

    A.  Plaintiff Is Not Entitled To Attorneys' Fees .............................................4

    B.  Plaintiff Should Not Be Awarded Any Attorneys' Fees For Billings of Local Counsel ...................................................................................................7

    C.  Plaintiff's Request for Attorney's Fees and Costs Should Be Reduced To Reflect a Reasonable Amount ....................................................................9

        1.  Plaintiff Bills an Unreasonable Amount of Hours ................................10

            (i)  Plaintiff Wrongly Seeks Compensation for Unnecessary, Clerical, and Administrative Work .......................................11

            (ii)  Plaintiff's Billings For Excessive Internal Communication Are Unreasonable and Therefore Not Compensable ..................13

            (iii)  Plaintiff's Block Billing Is Unreasonable and the Corresponding Entries Should Be Reduced................................14

            (iv)  Plaintiff's Billings Are Characterized By Overstaffing, Excessive Billing, and Duplicative Work That Constitute Unreasonable Billing Hours................................15

            (v)  The Court Should Impose an Additional Overall % Cut on the Fees Request ......................................................16

        2.  Plaintiff's Claimed Hourly Rates Are Excessive .................................16

        3.  Plaintiff Has Not Provided a Justification for Use of Non-Local Counsel ...................................................................................................18

        4.  Plaintiff's Comparison of Fee Awards in Other Cases is Irrelevant...................19

    D.  Plaintiff is Not Entitled to an Award of Fees on Fees ...........................21

        1.  Defendant's Rule 68 Prevents the Court from Awarding Fees on Fees if the Court Determines that Plaintiff is Not Entitled to Fees over $23,250 for Work Completed Prior to November 5, 2024 .....................21

        2.  Hours Spent on Attorneys' Fees is Disproportionate to the Time Spent on the Merits of the Case and the Court Should Reduce Any Fee Award Proportionally..........................................................................22

    E.  The Court Should Deny Plaintiff's Request for a Multiplier...........................24

V.  CONCLUSION....................................................................................................25

1

# Table of Authorities

2

**Cases**                                                                                                    **Pages**

3

*30 E. Eur., S.R.L. v. Muddy Waters Cap. LLC*,
   2022 WL 1814439 ............................................................................................................... 17

4

*ADGEAR, Inc. v. Liu*,
   No. CV-11-5398 JCS, 2012 U.S. Dist. LEXIS 86364, 2012 WL 2367805 ...................... 7

5

6

*Am. Immigr. Council v. U.S. Dep't of Homeland Sec.*,
   82 F. Supp. 3d 396 (D.D.C. 2015) ................................................................................... 9

7

*Apple, Inc. v. Samsung Elecs. Co.*,
   No. C 11-1846 LHK PSG, 2012 U.S. Dist. LEXIS 160668, 2012 WL 5451411 ........... 14

8

9

*Aqualliance v. Nat'l Oceanic & Atmospheric Admin.*,
   *NO.* 17-CV-2108 (CRC), 2019 U.S. DIST. LEXIS 98693, (D.D.C. JUNE 12, 2019) ........ 21

10

*Balla v. Idaho*,
   677 F.3d 910 (9th Cir. 2012) .......................................................................................... 10

11

*Banas v. Volcano Corp.*,
   47 F. Supp. 3d 957 (N.D. Cal. 2014) .............................................................................. 14

12

13

*Baylor* v. *Mitchell Rubenstein & Assocs., P.C.*,
   857 F.3d 939, (D.C. Cir. 2017) (Henderson, J., concurring) .......................................... 11

14

*Blue v. Bureau of Prisons*,
   570 F.2d 529 (5th Cir. 1978) ............................................................................................ 5

15

16

*Blum v. Stenson*,
   465 U.S. 886 (1984) ............................................................................................... 4, 7, 17

17

*Bounty Fresh, L.L.C. v. Paradise Produce, Inc.*,
   No. CV 2009-5577 (FB)(MDG), 2010 U.S. Dist. LEXIS 97786 (E.D.N.Y. Aug. 18, 2010) ........... 9

18

19

*Bravo v. City of Santa Maria*,
   810 F.3d 659 (9th Cir. 2016) .......................................................................................... 11

20

*Brayton v. Office of the U.S. Trade Rep.*,
   641 F.3d 521 (D.C. Cir. 2011) ......................................................................................... 4

21

22

*Brown v. Sullivan*,
   916 F.2d 492 (9th Cir. 1990) .......................................................................................... 22

23

*Castillo-Antonio v. Iqbal*,
   No. 14-cv-03316-KAW, 2017 U.S. Dist. LEXIS 123659 (N.D. Cal. Aug. 4, 2017) ..................... 7-8

24

25

*Center for Popular Democracy v. Bd. of Governors of the Fed. Rsrv. Sy*s.,
   No. 16-cv-5829 (NGG) (VMS), 2021 WL 44522202 (E.D.N.Y. Aug. 20, 2021) ................. 21, 1-2, 22, 2, 6-7

26

*Chalmers v. City of L.A.*,
   796 F.2d 1205 (9th Cir. 1986) .......................................................................................... 7

27

28

*Charlotte J. v. Kijakazi*,
  No. 2:20-CV-00278-MKD, 2021 WL 9747975 (E.D. Wash. Sept. 15, 2021) .................................. 12

*Chesapeake Bay Foundation, Inc. v. Department of Agriculture*,
  108 F.3d 375 (D.C. Cir. 1997) .................................................................................................... 4-5

*Church of Scientology v. USPS*,
  700 F.2d 486 (9th Cir. 1983) .......................................................................................................... 3

*Cmty. Ass'n for Restoration of the Env't Inc. v. DeCoster*,
  No. 19-CV-3110, 2023 WL 8663749 (E.D. Wash. Dec. 1, 2023) ...................................... 16, 18, 19

*Cornucopia Inst. v. Agric. Mktg. Serv.*,
  285 F. Supp. 3d 217 (D.D.C. 2018) ..................................................................... 1, 16, 21, 23-24

*Cotton v. Heyman*,
  63 F.3d 1115 (D.C. Cir. 1995) ........................................................................................................ 5

*Cox v. U.S. Dep't of Just.*,
  01F.2d 1, 195 U.S. App. D.C. 189 (D.C. Cir. 1979) ...................................................................... 6

*Dayoub Mktg. v. Seven Seas Trading Co.*, No. 04 Civ.
  01881 (GBD)(HBP), 2009 U.S. Dist. LEXIS 30422 (S.D.N.Y. Mar. 31, 2009) .............................. 9

*Delta Air Lines v. August*,
  450 U.S. 346 (1981) ...................................................................................................................... 22

*Dorsen v. U.S. SEC*,
  15 F. Supp. 3d 112 (D.D.C. 2014) .................................................................................................. 6

*Ellis v. United States*,
  941 F. Supp. 1068 (D. Utah 1996) .................................................................................................. 6

*Fischer v. SJB-P.D. Inc.*,
  214 F.3d 1115 (9th Cir. 2000) ...................................................................................................... 14

*FTC v. Elegant Sols., Inc.*,
  No. SACV 19-1333 JVS (KESx), 2020 U.S. Dist. LEXIS 122987 (C.D. Cal. May 8, 2020), aff'd, No. 20-
  55766, 2022 U.S. App. LEXIS 15934 ............................................................................................ 20

*Gary v. Carbon Cycle Ariz. LLC*,
  398 F. Supp. 3d 468 (D. Ariz. 2019) ............................................................................................ 11

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992) ...................................................................................................... 19

*Gauchat-Hargis v. Forest River, Inc.*,
  No. 2:11-cv-02737-KJM-EFB, 2013 U.S. Dist. LEXIS 128508 (E.D. Cal. Sept. 6, 2013) ............ 13

*Godwin v. World Healing Ctr. Church, Inc.*,
  No. 8:21-cv-00555-JLS-DFM, 2021 U.S. Dist. LEXIS 251767 (C.D. Cal. Oct. 20, 2021) ............ 13

*Government Accountability Project v. U.S. Department of Homeland Security*,
  2020 U.S. Dist. Lexis 151709 (D.D.C. June 2, 2020) ...................................................................... 5

*H.J., Inc. v. Flygt Corp.*,
  925 F.2d 257 (8th Cir. 1991) .......................................................................................................... 7

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ................................................................................................. 107, 8, 10

*Herrington v. Cnty. of Sonoma*,
  883 F.2d 739 (9th Cir. 1989) ............................................................................................ 10

*Hiken v. Dep't of Def.*,
  836 F.3d 1037 (9th Cir. 2016) ...................................................................................... 11, 4

*Human Rights Def. Ctr. v. Cnty. of Napa*,
  No. 20-cv-01296-JCS, 2021 U.S. Dist. LEXIS 59778 (N.D. Cal. Mar. 28, 2021) ......................................... 22

*I.T. ex rel. Renee T. v. Dep't of Educ.*,
  18 F. Supp. 3d 1047 (D. Haw. 2014) ................................................................................... 12

*In re Meese*,
  907 F.2d 1192, (D.C. Cir. 1990) ........................................................................................ 13

*In re Smith*,
  586 F.3d 1169 (9th Cir. 2009) .......................................................................................... 16

*Judicial Watch, Inc. v. FBI*,
  522 F.3d 364 (D.C. Cir. 2008) ........................................................................................... 4

*Ketchum v. Moses*,
  24 Cal. 4th 1122 (2001) ................................................................................................ 24

*L.A. Gay & Lesbian Cmty. Servs. Ctr. v. IRS*,
  559 F. Supp. 2d 1055 (C.D. Cal. 2008) ................................................................................. 14

*Laffey v. Nw. Airlines, Inc.*,
  74 F.2d 4, (D.C. Cir. 1984) ............................................................................................ 11

*Lahiri v. Universal Music & Video Distrib. Corp.*,
  606 F.3d 1216 (9th Cir.2010) .......................................................................................... 14

*Lenon v. Starbucks Corp.*,
  No. 3:11-CV-1085-BR ................................................................................................... 18

*Leopold v. U.S. DOJ*,
  No. 21-cv-942-TNM-ZMF, 2023 U.S. Dist. LEXIS 23538 (D.D.C. Jan. 26, 2023) (internal cition omitted)) 23

*Lightbourne v. Printroom Inc.*,
  2015 U.S. Dist. LEXIS 193034, 2015 WL 12732457 ...................................................................... 8

*Mitchell*,
  2018 U.S. Dist. LEXIS 109386, 2018 WL 3218364 ....................................................................... 8

*Mogan v. Sacks, Ricketts & Case L.L.P.*,
  No. 21-cv-08431-TSH, 2022 WL 1458518 (N.D. Cal. May 9, 2022) ......................................................... 17

*Moreno v. City of Sacramento*,
  534 F.3d 1106 (9th Cir. 2008) ..................................................................................... 10, 16

*Morley v. CIA*,
  453 F. Supp. 2d 137 (D.D.C. 2006) ...................................................................................... 6

*Morley v. CIA*,
   894 F.3d 389 (D.C. Cir. 2018) ................................................................. 3, 4, 6, 9, 11

*Nadarajah v. Holder*,
   569 F.3d 906 (9th Cir. 2009) ................................................................................ 11

*NRA of Am. v. City of L.A.*,
   No. 2:19-cv-03212-SVW-GJS, 2020 U.S. Dist. LEXIS 269467 (C.D. Cal. Sept. 29, 2020) ............................ 8

*Or. Nat'l Desert Ass'n v. Locke*,
   572 F.3d 610 (9th Cir. 2009) ................................................................................. 3

*Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*,
   No. 14-cv-01130-WHO, 2017 U.S. Dist. LEXIS 29130 (N.D. Cal. Mar. 1, 2017) .................... 16-17

*Parsons v. Ryan*,
   949 F.3d 443 (9th Cir. 2020) ................................................................................ 24

*Pearson v. Nat'l Credit Sys.*,
   Inc., No. 2: CV-10-0526-PHX-MHM, 2010 WL 5146805 ........................................ 11-12

*Perdue v. Kenny A. ex rel. Winn*,
   559 U.S. 542, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010) ............................................ 24

*Prison Legal News v. Schwarzenegger*,
   608 F.3d 446 (9th Cir. 2010) ................................................................................ 17

*Public.Resource.org v. U.S. Internal Revenue Serv.*,
   No. 13-cv-02789-WHO, 2015 WL 9987018 (N.D. Cal. Nov. 20, 2015) ........................... 9, 23

*Read v. FAA*,
   252 F. Supp. 2d 1108 (W.D. Wash. 2003) ............................................................... 5-6

*Rosenfeld v. U.S. DOJ*,
   903 F. Supp. 2d 859 (N.D. Cal. 2012) ................................................................... 23

*Rosenfeld v. United States DOJ*,
   904 F. Supp. 2d 988 (N.D. Cal. 2012) ................................................................... 16

*Santiago v. CACH LLC*,
   No. 13-cv-02234-JST, 2013 U.S. Dist. LEXIS 157809, 2013 WL 5945805 ....................... 12

*Santiago v. Equable Ascent Fin.*,
   No. C 11-3158 CRB, 2013 U.S. Dist. LEXIS 97762, 2013 WL 3498079 ...................... 13-14

*Schoenberg v. FBI*,
   2 F.4th 1270 (9th Cir. 2021) .............................................................................. 4, 5

*Tax Analysts v. U.S. Dep't of Just.*,
   965 F.2d 1092 (D.C. Cir. 1992) ............................................................................. 9

*Trimble v. Kroger Co.*,
   No. 3:17-cv-230, 2017 U.S. Dist. LEXIS 206624 (D. Or. Dec. 15, 2017) ......................... 18

*Welch v. Metro. Life Ins. Co.*,
   480 F.3d 942 (9th Cir. 2007) ................................................................................ 14

*Wilder v. Bernstein*, No. 78 Civ.
    957 (RJW), 1998 U.S. Dist. LEXIS 8891, 1998 WL 323492 .......................................................... 14

*Wolfe v. City of Portland*,
    No. 3:12-cv-02035-PK, 2013 U.S. Dist. LEXIS 162307 (D. Or. Oct. 2, 2013) ............................. 18

*Young v. Sierra Pac. Power Co.*,
    2011 U.S. Dist. LEXIS 105064, 2011 WL 4346562 ................................................................. 19-20

**Other Authorities**

5 U.S.C. § 552 .......................................................................................................................... 1, 3, 4

Fed. R. Civ. P. 26 ............................................................................................................................. 19

Fed. R. Civ. P. 54 ............................................................................................................................. 21

Fed. R. Civ. P. 68 .................................................................................................................. 16, 21, 22

# I. INTRODUCTION

Plaintiff brings this motion for attorneys' fees following the parties' ability to reach a resolution of the merits of the underlying claim brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E)(i). Dkt. No. 29. Despite efforts to resolve the issue of attorneys' fees without the need for judicial intervention, the parties reached an impasse and set a briefing schedule on November 5, 2024. Dkt. No. 31. As the Court is aware, a majority of FOIA fees claims are settled largely because parties reasonably conclude that it is not work the resources or even a small litigation risk to contest fees issues. But the volume of FOIA litigation has been growing, and with it the financial burden that FOIA attorneys' fees inflict on agency budgets, thereby redirecting resources away from agencies' core duties.

The DoD and USU are committed to paying reasonable fees and costs as provided by the law when the facts support doing so. However, Plaintiff's fee demand in this matter crossed the line into unreasonableness for multiple reasons. Not only were Plaintiff's hours unreasonable, but the hourly rates were also unreasonable. There was no merits litigation in this case that required judicial intervention. Yet Plaintiff's only substantive motion in this case--its attorneys' fees motion—constitute almost 70% of the fees requested in this case. Moreover, counsel has a history of billing for time spent of fees that is disproportionate to the time spent litigating the merits of a FOIA request. *See Cornucopia Inst. v. Agric. Mktg. Serv.*, 285 F. Supp. 3d 217, 226 (D.D.C. 2018) (finding "that the total fee request [was] unreasonable because an undue portion of it derive[d] from time billed for litigating and mediating the amount of attorneys' fees, rather than the merits of the underlying FOIA action."). Plaintiff's hourly rates are unsupported by the motion and Plaintiff's declarations. Plaintiff does not provide citations to an hourly rate for FOIA matters in this district. The sample of FOIA cases cited to in in the Bahr declaration refer to FOIA matters outside the district and support a significantly lower hourly rate than Plaintiff seeks here.  Defendants owe it to taxpayers, citizens, and the broader public to safeguard the agency's resources, rather than taking the relatively easy path of a quick financial settlement.

If the Court finds Plaintiff entitled to fees, the Court can and should reduce the requested fees by a substantial percentage both as to the hourly rate and hours. *Center for Popular Democracy v. Bd. of Governors of the Fed. Rsrv. Sys.*, No. 16-cv-5829 (NGG) (VMS), 2021 WL 44522202, at *11 & n.8 (E.D.N.Y. Aug. 20, 2021) (reducing plaintiff's requested hourly rates by 40% to bring the rates within

1    the ranges for the court, and because "[t]hese discounts to the hourly rates account for the undocumented

2    FOIA expertise by the Altshuler Berzon timekeepers."); *Ecological Rights Found. v. Fed. Emerg. Mgmt.*

3    *Agency*, 365 F. Supp. 3d 993 (N.D. Cal. 2018) (reducing plaintiff's fee request by 55% where plaintiff

4    staffed the FOIA case with six attorneys, "requests a very high hourly rate" of up to $825, among other

5    reasons for reduction). While these cases have some different circumstances, the Court here should

6    reduce the hourly rate and hours by a significant percentage and find that Plaintiff is not entitled to an

7    award to fees-on-fees.

8    **II.    BACKGROUND**

9        On June 15, 2023, Plaintiff filed the Complaint in this matter seeking relief pursuant to FOIA.

10   Dkt. No. 1. Specifically, Plaintiff sought documents responsive to a FOIA request dated January 11,

11   2021. Dkt. No. 1-2. On August 8, 2023, Defendants filed a stipulation continuing the time to respond to

12   the Complaint. Dkt. No. 15.

13       The straightforward and routine nature of this litigation is demonstrated by how quickly the

14   parties were able to work through any challenges without the need for judicial intervention. In total, the

15   parties were able to resolve the merits of the FOIA litigation within six months of receiving a list of

16   challenges from Plaintiff on January 3, 2024. The continued line of communication and meet and

17   confers demonstrate the Defendants efforts to resolve the FOIA request as expeditiously as possible

18   while battling a constraint on resources.

19       Initially, the parties met and conferred regarding the Defendants' FOIA production on August

20   23, 2023, and August 29, 2023, and numerous times via email and agreed to continue the case

21   management deadlines so that the parties could continue to negotiate the production of documents

22   responsive to Plaintiff's FOIA request. Dkt. No. 20 at 2. On September 11, 2023, Defendants submitted

23   an Answer to the Complaint. Dkt. No. 22. On September 26, 2023, the parties agreed that a production

24   of responsive records would be made within 60 days. Dkt. No. 23, ¶ 4. Defendants completed the review

25   and release of the documents on November 29, 2023. Plaintiff provided their list of objections on

26   January 3, 2024. The parties consented to these short extensions of time. The parties met and conferred

27   on approximately January 29, 2024 to discuss Plaintiff's challenges to the withholdings.

28       On February 28, 2024, and February 29, 2024, Defendants made a subsequent production. On

1  March 5, 2024, the Parties met and conferred regarding the production and Plaintiff's request for

2  Defendants' position explaining the basis the withholdings. On March 14, 2024, Defendants provided

3  Plaintiff with additional information related to the withholdings. On March 19, 2024, Plaintiff

4  responded, outlining challenges to Defendants' withholdings. On March 25, 2024, the Defendants

5  responded. On April 30, 2024, the parties negotiated a schedule to provide Defendants until July 3, 2024

6  to review the challenged withholdings and to produce any voluntary revisions to the withholdings. Dkt.

7  No. 27. On July 3, 2024, Defendants made a subsequent production of the documents responsive to the

8  FOIA request totaling 675 files. On July 8, 2024, Plaintiff's counsel informed that their token to access

9  the production via electronic means had expired. That same day, access to Plaintiff's counsel was

10  restored. On July 11, 2024, Plaintiff's counsel informed that the merits of the FOIA claim had been

11  resolved.

12  Each review of the 11,000 documents at issue in this matter was conducted by the one USU

13  FOIA officer who is responsible for managing a backlog of FOIA requests. *See* Declaration of Keith

14  Van Nostrand dated, February 18, 2025 at ¶¶ 2–3. Notwithstanding the constrain of the USU's

15  resources, the FOIA officer met each negotiated deadline after reviewing all of the 11,000 pages of

16  records to determine whether the FOIA exemptions were appropriate and whether the document could

17  be segregated. *Id*.

18  **III.    STANDARDS**

19  Congress did not intend for attorney's fees awards under FOIA to be automatic. *Church of*

20  *Scientology v. USPS*, 700 F.2d 486, 492 (9th Cir. 1983). Rather, a plaintiff must demonstrate both

21  eligibility for and entitlement to an award. *Or. Nat'l Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir.

22  2009). First, FOIA provides that "[t]he court may assess against the United States reasonable attorney

23  fees and other litigation costs reasonably incurred in any case under this section in which the

24  complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i) (emphasis added); *see Morley v.*

25  *CIA*, 894 F.3d 389, 391 (D.C. Cir. 2018), *cert. denied*, 139 S. Ct. 2756 (2019) (per curiam) ("the FOIA

26  attorney's fees statute provides that the district court 'may' award fees to a prevailing plaintiff—and not

27  'must' or 'shall' award fees"). As relevant here, Plaintiff will have substantially prevailed in this "case"

28  if he has "obtained relief through … (II) a voluntary or unilateral change in position by the agency, if the

1    complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii). It is a plaintiff's burden to show

2    eligibility. *See Rosenfeld v. Dept'. of Justice,* 903 F. Supp. 2d 859, 869 (N.D. Cal. 2012) (noting that

3    "[i]t is the Plaintiff's burden to present convincing evidence of his eligibility for a fee award under the

4    FOIA").

5         Second, to recover reasonable attorney's fees, a FOIA litigant must also show that he is

6    "entitled" to recovery given the particular circumstances of his case. *Brayton v. Office of the U.S. Trade*

7    *Rep.*, 641 F.3d 521, 525–26 (D.C. Cir. 2011). Entitlement is a discretionary inquiry in which the court

8    considers several equitable factors and whether the government's withholding had a reasonable basis in

9    law. *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016).

10        Finally, if he makes both showings, he must establish that the fee he seeks is reasonable. *See*

11   *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984) (a "district court is expressly empowered to exercise

12   discretion in determining whether an award is to be made and if so its reasonableness").

13   **IV.    ARGUMENT**

14        **A.    Plaintiff Is Not Entitled To Attorneys' Fees[1]**

15        In evaluating entitlement, the court takes into consideration a series of factors, including "'(1) the

16   public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the

17   plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding.'" *Judicial*

18   *Watch, Inc. v. FBI*, 522 F.3d 364, 371 (D.C. Cir. 2008) (quoting *Tax Analysts v. U.S. Dep't of Just.*, 965

19   F.2d 1092, 1093 (D.C. Cir. 1992)). The fourth "reasonable basis in law" factor can tip the balance in

20   favor of denying fees even when the other three factors favor fees." *Schoenberg v. FBI*, 2 F.4th 1270,

21   1276 (9th Cir. 2021). Multiple factors weigh against a finding of entitlement here.

22        As an initial matter, Plaintiff does not meet satisfy the first factor of the entitlement test. Plaintiff

23   does not cite to any specific information about how the information obtained in the instant FOIA request

24   was used or how the information was of public benefit. *See generally* Dkt. No. 34. At best, Plaintiff

25   alleges that the legal right to information is a "public benefit;" however, the legal right to information

26   does not fit within the meaning of § 552(a)(4)(E). *Chesapeake Bay Foundation, Inc. v. Department of*

27

28
_____

[1] For the purposes of this motion, Defendants do not contest eligibility.

1    *Agriculture*, 108 F.3d 375, 377 (D.C. Cir. 1997); *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir.

2    1995). As to the information released as a result of the FOIA request, the pertinent considerations are

3    "degree of dissemination" and "likely public impact." *Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th

4    Cir. 1978). But Plaintiff does not state if any documents released in this case have been viewed or

5    downloaded by the public, nor has Plaintiff set forth what impact the release of these documents has had

6    on the public.

7        Plaintiff also cannot demonstrate that the agency's withholdings did not have a "reasonable basis in

8    law." To establish that a withholding was reasonable, the Court must find that an agency had "a

9    colorable basis in law" for its position, even if ultimately not correct, and that its position was not taken

10   to frustrate the requester. *See Schoenberg*, 2 F.4th at 1276. Here, Defendants had a reasonable basis in

11   law for its withholdings as demonstrated by the fact that Plaintiff did not challenge the withholdings

12   made to Defendant's July 3, 2024 final production.  Where a plaintiff "does not contest" an agency's

13   determinations, it has agreed "there was no improper withholding, [and] the Court need not decide

14   whether the agency had a 'colorable or reasonable basis.'" *Government Accountability Project v. U.S.*

15   *Department of Homeland Security*, 2020 U.S. Dist. Lexis 151709, at *4 (D.D.C. June 2, 2020) (quoting

16   *Davy*, 550 F.3d at 1163). Thus, given the agreed absence of an improper withholding in Defendant's

17   final production, the fourth factor tilts strongly in Defendant's favor.

18       Plaintiff also cannot demonstrate that the agency's position was taken to frustrate Plaintiff.

19   Defendants did not ever refuse to respond to the FOIA request. Additionally, throughout the entire

20   process, Defendants worked with Plaintiff to address any concern Plaintiff may have had related to the

21   withholdings on a timetable that Plaintiff agreed with. The Defendants proactively engaged in

22   discussions to resolve the merits of the underlying FOIA litigation, and it resulted in a production

23   subject to appropriate exemptions that did not call for judicial intervention.

24       To circumvent these facts, Plaintiff instead focuses on the administrative delay as an argument

25   against reasonableness. But pre-suit delay by itself—irrespective of the delay's length, the reasons for it,

26   and the agency's conduct post-suit—does not compel a reasonableness finding in a plaintiff's favor. A

27   delay in the administrative process does not entitle a FOIA plaintiff to an award of fees, absent bad faith.

28   *See Read v. FAA*, 252 F. Supp. 2d 1108, 1112 (W.D. Wash. 2003) (finding that delay due to ineptitude

alone is not sufficient to weigh in favor of a fee award). Delay is but one element of the reasonableness analysis, as courts assessing the reasonableness factor are to consider, first, "whether the agency's opposition to disclosure had a reasonable basis in law," and second, "whether the agency had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *Dorsen v. U.S. SEC*, 15 F. Supp. 3d 112, 123 (D.D.C. 2014). A pre-suit failure to respond to the request helps answer the first question—because there will rarely be a "reasonable basis" for failing to respond altogether— but helps much less with the second question—because the delay may not reflect recalcitrance or obduracy at all. *Ellis v. United States*, 941 F. Supp. 1068, 1080 (D. Utah 1996) (when a plaintiff challenges the delay in production of requested documents rather than withholding of documents, the reasonableness factor does not favor a fee award so long as the Government was not engaging in obdurate behavior or acting in bad faith).

Case law confirms that the sheer failure to respond pre-suit is not dispositive of reasonableness. In *Morley v. CIA*, 453 F. Supp. 2d 137, 142-43 (D.D.C. 2006), the CIA failed even to acknowledge receipt of the plaintiff's FOIA request, and it did not conduct a search or provide a substantive response until the plaintiff filed suit. The district court nevertheless concluded that delay was not unreasonable, and the D.C. Circuit affirmed. *Morley v. CIA*, 894 F.3d 389, 393 (D.C. Cir. 2018). The Circuit explained that "the statute itself imposes consequences on the agency for delay past the 20-day mark [and] does not suggest that an award of attorney's fees should be automatic in those situations," adding that "some delay past the 20-day mark is not necessarily so unreasonable in and of itself as to require an award of attorney's fees to an ultimately prevailing plaintiff." *Id.*

The D.C. Circuit has likewise cautioned that courts should not dwell on the fact of a pre-suit delay in determining whether a plaintiff has substantially prevailed under the eligibility prong, and that reasoning is instructive in the entitlement context. If "an allegedly prevailing complainant must assert something more than *post hoc, ergo propter hoc* [after the fact, therefore because of that fact]" to establish eligibility for an award, *Cox v. U.S. Dep't of Just.*, 601 F.2d 1, 6, 195 U.S. App. D.C. 189 (D.C. Cir. 1979), it stands to reason that a plaintiff should also have to show more than the fact of a pre-suit delay to establish that an agency acted unreasonably in response to a FOIA request. *See Aqualliance v. Nat'l Oceanic & Atmospheric Admin.*, No. 17-cv-2108 (CRC), 2019 U.S. Dist. LEXIS 98693, at *15-

1   17 (D.D.C. June 12, 2019) (Plaintiff must show more than pre-suit delay). Here, Defendants worked

2   with Plaintiff on a timeline, that they consented to, to complete the processing of Plaintiff's FOIA

3   request in an expeditious manner. *See* Dkt. Nos. 20, 23. There were no delays. It would be unreasonable

4   for the Court to find that anytime an agency makes a revision to a withholding during the negotiations

5   phase of a production that the withholding was presumptively unreasonable, thereby justifying fees. This

6   is exactly what Plaintiff seeks to have the Court do in this matter.

7   **B.    Plaintiff Should Not Be Awarded Any Attorneys' Fees For Billings of Local Counsel**

8          Even if the Court were to find that Plaintiff met the standards for eligibility and entitlement,

9   Plaintiff should not be awarded any attorneys' fees for its local counsel because it has not met its burden

10  of proof. Plaintiff bears the burden of establishing all elements of the requested fee award, including the

11  reasonableness of the hourly rate based on the attorney's experience, skill and reputation. *See Blum*, 465

12  U.S. at 896 n.11 (holding that the petitioner for an award of attorneys' fees bears the responsibility of

13  showing the reasonableness of the requested rates). "Where the documentation of hours is inadequate,

14  the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

15  Put simply, Plaintiff's motion lacks the necessary documentation to assess a reasonableness. Plaintiff's

16  local counsel, Greenfire Law, does not provide a billing record that would enable the Court to

17  meaningfully review the fee application to support that either of the amount demanded for local counsel

18  are warranted. *See H.J., Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (quoting *Hensley v.*

19  *Eckerhart*, 461 U.S. 424, 437 (1983)) ("Inadequate documentation may warrant a reduced fee" because

20  imprecise or incomplete billing records prevent any meaningful review of a fee application).

21         First, local counsel's billing records fail to include quintessential information such as the identity

22  of the person billing and their hourly rate, Dkt. No. 36-1, despite the burden of proof. *Chalmers v. City*

23  *of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining reasonable hours, counsel bears the

24  burden of submitting detailed time records justifying the hours claimed to have been expended").

25  Accordingly, the Court should deny Plaintiff's request for local counsel attorney's fees. *See ADGEAR,*

26  *Inc. v. Liu*, No. CV-11-5398 JCS, 2012 U.S. Dist. LEXIS 86364, 2012 WL 2367805, at *20 (N.D. Cal.

27  June 21, 2012) (recommending the denial of attorney's fees where counsel failed to provide time sheets

28  or affidavits in support of their request); *see also Castillo-Antonio v. Iqbal*, No. 14-cv-03316-KAW,

2017 U.S. Dist. LEXIS 123659, at *20 (N.D. Cal. Aug. 4, 2017) (denying attorney's fees where counsel failed to provide sufficient evidence to support the amount of attorney's fees sought). Without knowing who the attorney bill keepers were for each substantive task and what their corresponding rates were, neither Defendants nor the Court can assess the reasonableness of the local counsel billing entries.

And Plaintiff's reply brief cannot be used to cure this deficiency. Adequate documentation for a fee request is a basic component of a fees motion, is part of a FOIA litigant's burden of proof and therefore is required at the outset. Fee motions generally "should not result in a second major litigation," *Hensley*, 461 U.S. at 437, hence a plaintiff should not be allowed to essentially re-start a fees motion on a reply brief.. Other district courts have likewise declined to afford fee applicants an opportunity under similar circumstances where a plaintiff attempted to provide billing statements in a reply brief. *See, e.g., Mitchell*, 2018 U.S. Dist. LEXIS 109386, 2018 WL 3218364, at *8 n.7 (citation and quotation marks omitted) (refusing to consider unredacted billing records submitted in camera because "the district court is neither obligated to explain what type of records should be submitted, nor to request additional information."); *Lightbourne v. Printroom Inc.*, 2015 U.S. Dist. LEXIS 193034, 2015 WL 12732457, at *7 n.5 (citation and quotation marks omitted) (rejecting request in reply brief to submit unredacted billing statements because the "party petitioning for fees bears the risk of failing to provide adequate back-up documentation for its fee request."); *see also NRA of Am. v. City of L.A.*, No. 2:19-cv-03212-SVW-GJS, 2020 U.S. Dist. LEXIS 269467, at *27-28 (C.D. Cal. Sept. 29, 2020) (reducing fee award by 12% for providing partially redacted billing records that frustrated the court's meaningful review).

Second, local counsel's billing records do not show that Greenfire Law was substantively engaged in the merits of the underlying FOIA claim. There are no billing records indicating anyone from Greenfire Law reviewed the documents at issue, conducted any legal research, participated in the meet and confers, or negotiations related to the withholdings. In fact, billing records show that Greenfire Law did not become substantively involved until after fees discussions broke down. *See generally* Dkt. No. 36-1. Notwithstanding this deficiency, local counsel demands compensation for 7.47 hours of billable time for the merits of the FOIA litigation, as compared to non-local counsel's 24 hours. *See* Exhibit A annexed to the Declaration of Valerie E. Smith, dated February 18, 2025 ("Smith Decl.").

Finally, local counsel's request for attorneys' fees should also be denied because they have not demonstrated that it was reasonably necessary to retain both local and out of town counsel for this modest FOIA case. *See Dayoub Mktg. v. Seven Seas Trading Co.*, No. 04 Civ. 01881 (GBD)(HBP), 2009 U.S. Dist. LEXIS 30422, at *17 (S.D.N.Y. Mar. 31, 2009) (denying local counsel fees); *see also Bounty Fresh, L.L.C. v. Paradise Produce, Inc.*, No. CV 2009-5577 (FB)(MDG), 2010 U.S. Dist. LEXIS 97786, at *15-16 (E.D.N.Y. Aug. 18, 2010) (denying local counsel fees where plaintiff did not demonstrate that it was necessary to retain both local and out of town counsel); *PNC Bank, N.A. v. Spencer*, No. 13-CV-21-BBC, 2013 WL 11320931, at *3 (W.D. Wis. May 23, 2013), aff'd in part, appeal dismissed in part, 763 F.3d 650 (7th Cir. 2014) (reducing local counsel's billable hours and awarding local counsel rate of $175 per hour where plaintiff failed to explain need for national coordinating counsel and noting that plaintiff should not have requested fees for time spent by local counsel); *Am. Immigr. Council v. U.S. Dep't of Homeland Sec.*, 82 F. Supp. 3d 396, 411 (D.D.C. 2015) (reducing a fee award in an overstaffed, "non-extraordinary FOIA case," where the applicant's timesheets were "replete with conferences among co-counsel attempting to coordinate case strategy"). With no explanation justifying the use of both local and out of town counsel in this matter, Plaintiff's request for fees to local counsel should be denied.

## C. Plaintiff's Request for Attorney's Fees and Costs Should Be Reduced To Reflect a Reasonable Amount.

The Court has "very broad discretion" about "whether to award or deny fees." *Morley*, 894 F.3d at 396; *accord Tax Analysts v. U.S. Dep't of Just.*, 965 F.2d 1092, 1096 (D.C. Cir. 1992) ("Congress left to the discretion of district courts the judgment on whether to award attorney's fees"). Importantly, "the FOIA attorney's fees statute provides that the district court 'may' award fees to a prevailing plaintiff—and not 'must' or 'shall' award fees." *Morley*, 894 F.3d at 391. Courts are empowered to adjust a FOIA litigant's fees and costs downward based on a host of factors going to the reasonableness of those fees and costs. Ultimately, the burden rests with the party requesting fees to demonstrate that their time records are detailed and their calculations and the hours claimed were reasonably expended. *Public.Resource.org v. U.S. Internal Revenue Serv.*, No. 13-cv-02789-WHO, 2015 WL 9987018, at *7 (N.D. Cal. Nov. 20, 2015). And where "documentation of hours is inadequate" the

1    district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433, 436. As explained below,

2    Plaintiff has not met its burden on reasonableness in numerous ways and, therefore, the Court should

3    adjust Plaintiff's requested fees downward.

4            1.      **Plaintiff Bills an Unreasonable Amount of Hours**

5            If the Court determines that a fee award is warranted, it must ensure that the fees awarded are

6    reasonable, and an appropriate starting point is typically the lodestar, which is a reasonable number

7    of hours multiplied by a reasonable hourly rate.   *Hensley*, 461 U.S. at 433. In this case, the requested

8    fees are unreasonable.

9            Work is only compensable when it "was what one would expect of a lawyer working for a client

10   that could afford its efforts but that was not indifferent to the cost." *Balla v. Idaho*, 677 F.3d 910, 921

11   (9th Cir. 2012). Reasonably expended time is generally time that "could reasonably have been billed to a

12   private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *see also Herrington*

13   *v. Cnty. of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989) (noting that the identification of "duplication of

14   effort by the co-counsel assigned to [a] case . . . necessitates some reduction of the hours claimed"). This

15   requires the exercise of "sound billing judgment" regarding the number of hours worked, and courts will

16   exclude hours that were not "reasonably expended," such as those incurred from overstaffing, or "hours

17   that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433. Should this Court

18   award fees to Plaintiff, it should make appropriate deductions to account for excessive and

19   noncompensable hours.

20           It is well within this Court's discretion to "deny in its entirety a request for an 'outrageously

21   unreasonable' amount, lest claimants feel free to make 'unreasonable demands, knowing that the only

22   unfavorable consequence of such misconduct would be reduction of their fee to what they should have

23   asked for in the first place.'" *Env't Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1258 (D.C. Cir. 1993)

24   (quoting *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980)); *see also Baylor*, 857 F.3d at 960

25   (Henderson, J., concurring) ("Steep overbilling ought to come at a steep price." (discussing

26   possibility of no fee award as a consequence of an unreasonable fee demand). If overbilling is less

27   egregious but still unreasonable, the Court "may impose a lesser sanction, such as awarding a fee below

28   what a 'reasonable' fee would have been in order to discourage fee petitioners from submitting an

1 | excessive request." *Envtl. Def. Fund*, 1 F.3d at 1258 (citing *Farris v. Cox*, 508 F. Supp. 222, 227 (N.D.

2 | Cal. 1981)).

3 | This case is a prime example of where a District Court should reasonably exercise its discretion

4 | to ensure that a fee request does not become "the tail … wagging the dog." *Baylor v. Mitchell*

5 | *Rubenstein & Assocs., P.C.*, 857 F.3d 939, 959 (D.C. Cir. 2017) (Henderson, J., concurring) (internal

6 | quotation marks and citation omitted). There was no merits litigation in this case that required judicial

7 | intervention. Yet Plaintiff's only substantive motion in this case--its attorneys' fees motion—constitutes

8 | the vast majority of fees requested in this case. Plaintiff's time spent litigating fees was twice a great as

9 | the time spent resolving the underlying claims. *Compare* Exhibit A and Exhibit D annexed to Smith

10 | Decl. "[T]he prodigious consumption of lawyers' hours and judicial time [on fees litigation] should give

11 | pause to anyone concerned with the allocation of legal resources." *Laffey v. Nw. Airlines, Inc.*, 746 F.2d

12 | 4, 29 (D.C. Cir. 1984). Those concerns militate against the award of any fees here—an outcome that is

13 | well within this Court's "very broad discretion" on attorney's fees. *See Morley*, 894 F.3d at 396.

14 | ### (i)  Plaintiff Wrongly Seeks Compensation for Unnecessary, Clerical, and Administrative Work

15 | "To determine the amount of a reasonable fee, district courts typically proceed in two steps: first,

16 | courts generally apply the lodestar method to determine what constitutes a reasonable attorney fee; and

17 | second, the district court may then adjust the lodestar upward or downward based on a variety of factors,

18 | including the degree of success obtained by the plaintiffs." *Bravo v. City of Santa Maria*, 810 F.3d 659,

19 | 665-66 (9th Cir. 2016); *see also Hiken v. DOD*, 836 F.3d 1037, 1044 (9th Cir. 2016) (applying the

20 | lodestar method to a FOIA case).

21 | Parties may not recover fees for tasks performed by attorneys and paralegals which are clerical

22 | or administrative in nature. *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019);

23 | *see Neil v. Comm'r of Soc. Sec.*, Fed. App'x. 845, 847 (9th Cir. 2012) (holding that "the district court

24 | did not abuse its discretion in declining to award [ ] attorney's fees for purely clerical tasks such as filing

25 | documents and preparing and serving summons"); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th

26 | Cir. 2009) (holding that clerical tasks such as filing and document organization "should have been

27 | subsumed in firm overhead rather than billed at paralegal rates"); *see also Pearson v. Nat'l Credit Sys.,*

28 |

*Inc*., No. 2: CV-10-0526-PHX-MHM, 2010 WL 5146805, at *3 (D. Ariz. Dec. 13. 2010) ("[T]asks

which are clerical in nature are not recoverable."). As such, neither attorneys nor paralegals may recover

fees for clerical work, including filing and mailing of documents and service-related tasks. *See, e.g.,*

*Charlotte J. v. Kijakazi,* No. 2:20-CV-00278-MKD, 2021 WL 9747975, at *2 (E.D. Wash. Sept. 15,

2021); *Santiago v. CACH LLC*, No. 13-cv-02234-JST, 2013 U.S. Dist. LEXIS 157809, 2013 WL

5945805, at *4 n.2 (N.D. Cal. Nov. 3, 2013) (declining to award time for preparation of service

documents and communicating with process server).

       Non-compensable clerical or administrative tasks include, but are not limited to: (1) reviewing

Court-generated notices; (2) scheduling dates and deadlines; (3) calendaring dates and deadlines; (4)

notifying a client of dates and deadlines; (5) preparing documents for filing with the Court; (6) filing

documents with the Court; (7) informing a client that a document has been filed; (8) personally

delivering documents; (9) bates stamping and other labeling of documents; (10) maintaining and pulling

files; (11) copying, printing, and scanning documents; receiving, downloading, and emailing documents;

and (12) communicating with Court staff. *I.T. ex rel. Renee T. v. Dep't of Educ.*, 18 F. Supp. 3d 1047,

1062 (D. Haw. 2014), *aff'd sub nom. I. T. by & through I.T. v. Dep't of Educ.*, 700 F. App'x 596 (9th

Cir. 2017) (internal citations omitted). Mr. Snyder, who purports to have 14 years of experience as an

attorney fails to set forth how long he has litigating FOIA cases. Dkt. No. 37, ¶ 5. Based on Mr.

Snyder's declaration, he appears to have a mere 5 years experience litigation FOIA matters in the

Northern District of California and is billing at an exorbitant hourly rate of $878 per hour. *Id*., ¶ 8.

Despite Mr. Snyders 14 years as a practicing attorney, Mr. Snyder billed 5.3 hours for administrative

tasks including multiple billing entries for "downloading" documents and assembling documents which

should be eliminated: 11/30/2023, 2/29/2024, 3/4/2024, 7/8/2024, 11/7/2024, 11/22/2024, 12/18/2024.

*See* Dkt. No. 37-6.[2] Similarly, Greenfire Law billed 4.71 hours for administrative tasks such as

calendaring, confirming services deadlines, assigning service to USPS, making sure service was

accomplished, reviewing file to note delivery, checking the docket, and preparing documents to file

---

[2] Although Daniel Snyder makes an overall reduction on his billing records of 10 percent, for the purposes of this motion and for ease of the Court, Defendants use the time listed in the billing records to calculate the time billed in the motion. This way, the Court will be able match the amount in the billing record entry with the time challenged by Defendants.

1    which should be eliminated: 6/6/2023, 6/13/2023, 6/15/2023, 6/18/2023, 6/22/2023, 7/5/2023, 7/7/2023,

2    7/10/2023, 7/10/2023, 7/13/2023, 7/14/2023, 7/18/2023, 7/24/2023, 7/25/2023, 7/25/2023, 7/25/2023,

3    8/14/2023, 9/21/2023, 3/13/2024, 11/5/2024, 12/10/2024. *See* Dkt. No. 36-1. These administrative tasks

4    are non-compensable.

5              (ii)    **Plaintiff's Billings For Excessive Internal Communication Are**
                       **Unreasonable and Therefore Not Compensable**

6

7              Plaintiff appears to seek 15.5 hours for internal communications and review of communications,

8    totaling 15.6% of the billable time on internal communications. Plaintiff should not be awarded fees for

9    excessive internal communication. *Godwin v. World Healing Ctr. Church, Inc.*, No. 8:21-cv-00555-JLS-

10   DFM, 2021 U.S. Dist. LEXIS 251767, at *8 (C.D. Cal. Oct. 20, 2021) (finding the time counsel alleges

11   to have spent conferencing grossly disproportionate to the substantive legal work performed in this

12   case); *see also Gauchat-Hargis v. Forest River, Inc.*, No. 2:11-cv-02737-KJM-EFB, 2013 U.S. Dist.

13   LEXIS 128508, at *9 (E.D. Cal. Sept. 6, 2013) (finding that it is reasonable to spend some time

14   coordinating legal resources, it is not reasonable to double or triple-bill a client for internal meetings.).

15             First, setting aside the fact that, as explained *supra*, Plaintiff fails to identify the biller for each

16   entry thus making it impossible for the Court to determine the reasonableness of the communication,

17   when broken down, Greenfire Law seeks to recover for 9.5 hours of internal communications or review

18   of communications related to the "status of the complaint," "conferring on SOP," "exchanging emails

19   of filing status," "conferring on deadlines," "reviewing materials from DS to Drury" "reviewing

20   communication" which should be eliminated: 5/22/2023, 6/5/2023, 6/7/2023, 6/13/2023, 7/10/2023,

21   7/14/2023, 7/16/2024, 7/16/2024, 7/16/2024, 7/17/2024, 9/4/2024, 9/4/2024, 9/24/2024, 9/24/2024,

22   9/27/2024, 10/1/2024, 10/23/2024, 11/4/2024, 11/4/2024, 11/6/2024, 11/6/2024, 11/13/2024,

23   11/15/2024, 11/18/2024, 11/22/2024, 11/25/2024, 11/25/2024, 11/27/2024, 11/27/2024, 11/27/2024,

24   11/27/2024, 12/2/2024, 12/3/2024, 12/4/2024, 12/6/2024, 12/6/2024, 12/6/2024, 12/9/2024, 12/9/2024,

25   12/11/2024, 12/11/2024, 12/11/2024, 12/11/2024, 12/16/2024, 12/18/2024, 12/20/2024. *See* Dkt. No.

26   36-1. Those billing entries are not reasonable and therefore not compensable. *See In re Meese*, 907 F.2d

27   1192, 1204, (D.C. Cir. 1990) (time entries in which "no mention of the subject matter of a meeting,

28   telephone conference or the work performed" are not "adequately documented"); *Santiago v. Equable*

*Ascent Fin.*, No. C 11-3158 CRB, 2013 U.S. Dist. LEXIS 97762, 2013 WL 3498079, at *5 (N.D. Cal. July 12, 2013) (descriptions that consist only of "conferences," "telephone calls," or "review of documents" are too vague to review).

Similarly, Dan Snyder seeks to recover for 6 hours of internal communication "updating" and "emailing" co-counsel, which should be eliminated: 6/14/2023, 7/19/2023, 9/5/2023, 9/25/2023, 4/3/2024, 6/5/2024, 7/11/2024, 7/16/2024, 9/26/2024, 10/1/2024, 10/23/2024, 11/4/2024, 11/5/2024, 11/6/2024, 11/6/2024, 11/25/2024, 11/27/2024, 12/3/2024, 12/4/2024, 12/6/2024, 12/9/2024, 12/16/2024, 12/18/2024, 12/18/2024. *See* Dkt. No. 37-6. Those billing entries also are not reasonable because they are not sufficiently detailed to provide insight in the necessity of the communication and because local counsel did not participate in the litigation of the merits of the FOIA claim and therefore not compensable. In particular, courts have rejected fee awards for entries that "fail to identify the subject matter of the documents reviewed or the topic of conversation in a telephone conference." *Wilder v. Bernstein*, No. 78 Civ. 957 (RJW), 1998 U.S. Dist. LEXIS 8891, 1998 WL 323492, at *6 (S.D.N.Y. June 17, 1980).

### (iii) Plaintiff's Block Billing Is Unreasonable and the Corresponding Entries Should Be Reduced

While block billing is not prohibited by law, *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000), courts have reduced fee awards through an across-the-board "haircut" for such practices. *See L.A. Gay & Lesbian Cmty. Servs. Ctr. v. IRS*, 559 F. Supp. 2d 1055, 1062 (C.D. Cal. 2008) (applying at 20% reduction to block-billed time); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (instructing the district court to reduce block-billed hours by 20%). *see also Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222-23 (9th Cir.2010) (affirming district court's reduction of 80% of attorneys' and paralegals' hours by 30% to account for block-billing); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) (reducing block-billings by 20%); *Apple, Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 U.S. Dist. LEXIS 160668, 2012 WL 5451411, at *5 (N.D. Cal. Nov. 7, 2012) (reducing block-billings by 20%). "Block billing makes it more difficult to determine how much time was spent on particular activities." *Id.* Dan Snyder has a total of 2.3 hours which have been recorded in the block billing format which should be eliminated: 8/7/2024, 8/29/20239/26/2023,

1   3/15/2024, 9/26/2024. *See* Dkt. No. 37-6. Greenfire Law bills a total of 10 hours in the block billing

2   format which should be eliminated: 8/14/2023, 7/16/2024, 9/24/2024, 11/4/2024, 11/6/2024,

3   11/15/2024, 11/18/2024, 11/27/2024, 11/27/2024, 11/27/224, 12/6/2024, 12/9/2024, 12/11/2024,

4   12/11/2024, 12/12/2024, 12/16/2024, 12/18/2024, 12/20/2024, 12/20/2024, 12/20/2024. *See* Dkt. No.

5   36-1. At minimum, the Court should reduce these hours by no less than 20%.

6                      **(iv)    Plaintiff's Billings Are Characterized By Overstaffing, Excessive
                               Billing, and Duplicative Work That Constitute Unreasonable Billing
7                              Hours**

8          Billing inefficiencies are clear from the face of the time entries and account for 14.8 hours of

9   time billed. First, Plaintiff's counsel often had multiple attorneys working on the fees motion in this

10  case, despite the fact that (as Plaintiff goes to great lengths to say) they claim to be highly experienced in

11  litigation and FOIA litigation, spending 4.2 hours of time "strategizing" on the fee motion. *See* Dkt. No.

12  36-1 at 11/6/2024, 11/6/2024, 11/7/2024, 11/26/2024, 11/27/2024, 11/27/2024, 12/6/2024, 12/9/2024,

13  12/11/2024, 12/16/2024; *see also* Dkt. No. 37-6 at 11/6/2024, 11/6/2024, 11/25/2024.  Second,

14  Plaintiff's bill 67.8 hours for fees negotiations and the fee motion which constituted almost 70% of the

15  entire time billed. This time is disproportionately excessive compared to the 37.47 hours billed for the

16  time spent litigating the merits of the FOIA complaint. *See* Smith Decl. Exhibit A and Exhibit D.

17  Additionally, Plaintiff improperly seeks to bill for the cost of expert declarations from "experts" that

18  Plaintiff failed to disclose. Confusingly, Greenfire Law's billing records show that the Drury declaration

19  was drafted by someone at Greenfire Law. In total, Greenfire Law spent 4.5 hours drafting and revising

20  the Drury declaration. Not only does Plaintiff seek to recover an hourly rate for work done on the Drury

21  declaration, but also seeks to recover $760.00 in costs for the Drury declaration. *See* Dkt. No. 36-1 at

22  11/6/2024, 11/6/2024, 11/7/2024, 11/12/2024, 11/18/2024, 11/18/2024, 11/19/2024, 12/9/2024,

23  12/11/2024, 12/11/2024. Greenfire Law also bills excessively for the creation of fee charts, totaling 3.7

24  hours. *See* Dkt. No. 36-1 at 11/12/2024, 11/27/2024, 12/6/2024, 12/9/2024, 12/11/2024, 12/11/2024,

25  12/12/2024, 12/17/2024, 12/18/2024.  Finally, Greenfire Law's failure to include the name and rate for

26  each billing entry renders it impossible to determine if work is duplicative. Obvious issues of duplicative

27  billing that should be excluded account for at least 2.4 hours of time and occur on the following dates:

28  11/13/2024 and 11/15/2024 (reviewing communications between DS and expert); 11/27/2024

(reviewing communications); 12/6/2024 (research re Rule 68); 12/11/2024 (reviewing updates from co-counsel). *See* Dkt. No. 36-1.

        **(v)**    **The Court Should Impose an Additional Overall % Cut on the Fees Request**

        In addition to the line-by-line reduction, the Court can also impose an overall haircut. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (a "district court can impose a small reduction, no greater than 10 percent—a "haircut"—based on its exercise of discretion and without a more specific explanation"). In *Eco. Rights Found. v. Fed. Emergency Mgmt. Agency*, 365 F. Supp. 3d 993 (N.D. Cal. 2018), the court reduced fees by a 55% in light of the overstaffing of the case, the inefficiencies of counsel, the general overbilling by Plaintiff, and the very high rates that sought by Plaintiff. Although the requested fees in *Eco Rights Found*. were higher largely due to summary judgment briefing and full briefing of a motion for attorney's fees, reasoning of the court should lead to a reduction in this case that is similar to the 55% reduction in *Eco Rights Found. See also In re Smith*, 586 F.3d 1169, 1174 (9th Cir. 2009) ("We have recognized that . . . the district court has the authority to make across-the-board percentage cuts . . . in the number of hours claimed . . . as a practical means of trimming the fat from a fee application.") (internal quotation marks and citations omitted); *Rosenfeld v. United States DOJ*, 904 F. Supp. 2d 988, 1008 (N.D. Cal. 2012) (applying 10% haircut after all other deductions and an additional 20% haircut to billing on the fees motion due because billing records showed a high degree of duplication and lack of specificity in describing the activity and because the motion was not particularly complicated); *Cornucopia Inst.,* 285 F. Supp. 3d at 228 (Court reduced the fees-on-fees component of the fee award from $10,000 to $2,000.00 and reduced "the award for time billed on the merits by 25% merits.").

        **2.**    **Plaintiff's Claimed Hourly Rates Are Excessive**

        Billing rates are "established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *See Cmty. Ass'n for Restoration of the Env't Inc. v. DeCoster*, No. 19-CV-3110, 2023 WL 8663749 (E.D. Wash. Dec. 1, 2023). Plaintiff has not provided any appropriate benchmarks for FOIA litigation. *See Our Children's Earth Found. v. Nat'l Marine Fisheries Serv*., No. 14-cv-01130-WHO,

2017 U.S. Dist. LEXIS 29130, at *11 (N.D. Cal. Mar. 1, 2017*) (noting that "similar work" must be similar to FOIA litigation and rejecting attempted analogy to rates awarded for complex class action cases; rejecting Plaintiff's requested hourly rates). Accordingly, Plaintiff's non-FOIA cases are not relevant to establish a proper hourly rate. *Mogan v. Sacks, Ricketts & Case L.L.P.*, No. 21-cv-08431-TSH, 2022 WL 1458518, at *3 (N.D. Cal. May 9, 2022) (hourly rates for federal court litigation, but not FOIA, and not against the Government); *Sols. 30 E. Eur., S.R.L. v. Muddy Waters Cap. LLC,* 2022 WL 1814439, *2 (N.D. Cal. Apr. 28, 2022) (same).

Here, as to Mr. Snyder, Plaintiff asks for $878 per hour. Dkt. No. 36 at 3. As to Ms. Doughty, who is merely local counsel, Plaintiff asks for $878 per hour. *Id.* As to Ms. Rivo, also local counsel, Plaintiff asks for $777 per hour. *Id.* Plaintiff offers no evidence that the client, U.S. Right to Know, is billed at the same rate, that the attorneys have a history of being paid at the same rate, or that counsel has ever been awarded rates in a federal FOIA litigation matter close to what is currently demanded. As a result, there is no evidence to justify the requested rates.

Instead, Plaintiff justifies these rates by relying on the *Laffey* matrix; however, Plaintiff has not made a substantial showing that the *Laffey* matrix rates are in line with the prevailing rates for FOIA litigation in the Northern District of California. Indeed, they are not. In *Prison Legal News v. Schwarzenegger*, the Ninth Circuit held that "just because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away. It is questionable whether the matrix is a reliable measure of rates even in Alexandria, Virginia, just across the river from the nation's capital." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446 (9th Cir. 2010*) (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009)). The Ninth Circuit stated that without a more substantial showing that the rates in *Laffey* matrix would be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Blum v. Stenson*, 465 U.S. 886, 896 (1984).

Although Daniel Snyder seeks an hourly rate of $878, no court has awarded anything close to this rate for a straightforward FOIA litigation. Recently, the District Court for the Eastern District of Washington awarded Mr. Snyder an hourly rate of $512/hr. for work done in 2023 "based on the novelty

and difficulty of the issues in this case and the extensive experience and expertise of Mr. Snyder[.]"

*Cmty. Ass'n for Restoration of Env't Inc. v. DeCoster*, No. 1:19-CV-3110-TOR, 2023 WL 8663749, at

*4 (E.D. Wash. Dec. 1, 2023). In other non-FOIA matters, Daniel Snyder has received three attorney's

fee awards from the federal district court of Oregon for disability discrimination claims ranging from

$350 to $450 per hour. *See Trimble v. Kroger Co.*, No. 3:17-cv-230, 2017 U.S. Dist. LEXIS 206624, at

*8 (D. Or. Dec. 15, 2017) (awarding Daniel Snyder an hourly rate of $450.00); *Lenon v. Starbucks

Corp.*, No. 3:11-CV-1085-BR, 2012 U.S. Dist. LEXIS 55116, at *19 (D. Or. Apr. 19, 2012) (awarding

Daniel Snyder an hourly rate of $350 per hour); *Wolfe v. City of Portland*, No. 3:12-cv-02035-PK, 2013

U.S. Dist. LEXIS 162307, at *6-7 (D. Or. Oct. 2, 2013) (awarding Daniel Snyder an hourly rate of $350

per hour). To date, the highest rate Daniel Snyder has been awarded by a federal court for complex and

novel litigation is $512 per hour. And while the underlying FOIA matter here was not complex, did not

involve novel or difficult issues or motion practice like in *DeCoster*, a reasonable hourly rate for Mr.

Snyder would be no more than what he was awarded in the complex *DeCoster* litigation: $512. *See

DeCoster*, 2023 WL 8663749, at *4.

The only point of reference Plaintiff provides for a reasonable hourly rate for FOIA matters is

provided in the Declaration of Mr. Bahr. See Dkt. No. 35. Based on Plaintiff's own submission, a

reasonable rate for Ms. Rivo and Ms. Doughty would fall between $306.72 to $572.25. Dkt. No. 35 at

9–10.

### 3.    Plaintiff Has Not Provided a Justification for Use of Non-Local Counsel

Plaintiff has also not explained why non-local counsel was necessary to litigate this matter. The

use of non-local counsel in conjunction with local counsel artificially created a need for extensive

internal communication. Plaintiff has not argued that Greenfire Law was not capable of litigating the

merits of the FOIA claim and could not. In fact, Greenfire Law filed a FOIA action on behalf of Plaintiff

in the matter of *U.S. Right to Know v. U.S. Department of Health and Human Services*, 23-cv-4120-

PHK, on August 14, 2024, less than two months after the instant matter was filed with non-local counsel

appearing. However, Plaintiff fails to justify the reasonableness of retaining both local and non-local

counsel in this matter. Although the general rule requires that billing rates be measured against the rates

of attorneys in the community, non-local counsel may be compensated for higher, out-of-town rates

when "local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of expertise, or specialization required to handle" the case. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (affirming district court's award of attorneys' fees at San Francisco rate where the relevant community was Sacramento). In this case, the opposite is true, Plaintiff's non-local counsel, Daniel Snyder seeks to have the Court apply an hourly rate of $878.00 per hour when there is no history of a court ordering anything close to this rate. The highest rate Mr. Snyder has been awarded by a federal court is $512 an hour for work done in 2023 "based on the novelty and difficulty of the issues in this case and the extensive experience and expertise of Mr. Snyder." *Cmty. Ass'n for Restoration of Env't Inc. v. DeCoster,* No. 1:19-CV-3110-TOR, 2023 WL 8663749, at *4 (E.D. Wash. Dec. 1, 2023). The instant FOIA case, unlike *DeCoster*, did not involve novel or difficult issues; it was a straightforward FOIA matter with no motion practice. Accordingly, a reasonable hourly rate for Mr. Snyder is no more than what he represented in the complex *DeCoster* litigation: $512. Plaintiff has not justified why this matter required both local and non-local counsel when local counsel was available and has appeared on behalf of plaintiff in other FOIA matter. *See U.S. Right to Know v. U.S. Department of Health and Human Services*, 23-cv-4120-PHK, Dkt. No. 54.[3]

### 4.    Plaintiff's Comparison of Fee Awards in Other Cases is Irrelevant

Plaintiff relies heavily on the Declarations of David Bahr (Dkt. No. 35) and Richard Drury in support of the reasonableness of the hours and the hourly billing rate. However, each of these declarations should be stricken and costs and fees associated with the declarations should not be awarded. First, Plaintiff appears to offer Mr. Bahr and Mr. Drury's declarations as expert witnesses providing "opinions" based on their "review" of the pleadings, orders and docket in this case (Dkt. No. 35, ¶ 18; Dkt. No. 38, ¶¶ 21–23) but Plaintiff has never disclosed them as expert witnesses. *See* Fed. R. Civ. P. 26(a)(2). Second, Ms. Drury's declaration was not executed or filed until December 23, 2024, three days after Plaintiff's motion for attorneys' fees was due. Dkt. No. 38. Notably, Plaintiff did not seek leave of the Court to file the declaration late and on that basis alone, should be stricken. *See Young*

---

[3] A review of the docket in *U.S. Right to Know v. U.S. Department of Health and Human Services*, 23-cv-4120-PHK, Dkt. No. 54, shows the Greenfire Law has been unable to resolve the issue of fees.

1   *v. Sierra Pac. Power Co.*, 2011 U.S. Dist. LEXIS 105064, 2011 WL 4346562, at *2 (D. Nev. Sept. 14,

2   2011) (striking declaration filed two days late without explanation, request for leave, or excusable

3   neglect); *see also FTC v. Elegant Sols., Inc.*, No. SACV 19-1333 JVS (KESx), 2020 U.S. Dist. LEXIS

4   122987, at *3 (C.D. Cal. May 8, 2020), *aff'd*, No. 20-55766, 2022 U.S. App. LEXIS 15934, at *8 (9th

5   Cir. June 9, 2022) (striking late filed declaration to deter further violations).

6          Even if the Court does not strike the Mr. Bahr and Mr. Drury's declarations, the Court should

7   give them no weight. Mr. Bahr opines that time billed in this matter was reasonable and compared this

8   matter to 8 cases in which he was personally involved. Dkt. No. 35, ¶ 15. Those cases, which involved

9   different claims and a completely different set of facts, do not control the fact-specific reasonableness

10  inquiry in this case. Furthermore, Mr. Bahr's comparison assumes that the approximately 99 hours of

11  fees Plaintiff seek to recover in this matter was spent litigating the merits. However, a breakdown of the

12  billing records shows that Plaintiff seeks approximately 31.47 hours litigating the merits of the

13  underlying FOIA claim. *See* Smith Decl. Exhibit A. None of the exemplars provided by Mr. Bahr is

14  substantially similar to the instant matter. Mr. Bahr also leaves out that the hourly rate in the matters he

15  cites range from $306.72 to $572.25 with an averages rate of $431.78 per hour, which is a substantially

16  more reasonably hourly rate than the $878 and $777 requested by Ms. Snyder, Ms. Doughty, and Ms.

17  Rivo and substantially more on par with complexity of the work required in the instant matter.

18         Even if the Court does not strike the declaration of Mr. Drury, the Court should not rely upon it.

19  First, it is unclear if Mr. Drury actually drafted his declaration versus Greenfire Law drafting his

20  declaration. A review of the billing records shows that Greenfire Law spent 4.5 hours drafting and

21  revising the Drury declaration. *See* Dkt. No. 36-1 at 11/6/2024, 11/6/2024, 11/7/2024, 11/12/2024,

22  11/18/2024, 11/18/2024, 11/19/2024, 12/9/2024, 12/11/2024, 12/11/2024. Second, Mr. Drury, cherry-

23  picks eleven cases from 2014 to 2023; however, none of the cited cases arise from FOIA litigation.

24  Instead, they arise from class actions, contract law, RICO, trade secrets, and copyright law. The Drury

25  declaration specifically omits attorney's fees decisions arising from FOIA litigation. Additionally,

26  although Mr. Drury claims that he is familiar with attorney's fees recently awarded to Greenfire Law, he

27  fails to explain how he is familiar with the attorney's fees awards and does not allege that he is familiar

28  with the quality of the work completed by Greenfire Law.

Notably, Mr. Drury fails to mention the decisions involving FOIA litigation and Ms. Doughty's FOIA litigation. In 2019, Ms. Doughty filed a declaration seeking an hourly rate ranging from $465 to $510 per hour for work done between 2016 and 2019. *See Story Of Stuff Project Et Al v. United States Forest Service*, 1:17-cv-00098-APM, at Dkt. No. 50-4 at 11 (D.D.C. Feb. 14, 2020). Ms. Doughty also sought attorney's fees in *Aqualliance*, where the Court determined that Plaintiff was not entitled to fees in the underlying FOIA matter. *See Aqualliance,* 2019 U.S. Dist. LEXIS 98693, at *21.

This matter is more similar to Ms. Doughty's prior matter, *Cornucopia Inst. v. Agric. Mktg. Serv.*, 285 F. Supp. 3d 217, 226 (D.D.C. 2018). In 2018, the court found that plaintiff's attorneys' (Ms. Doughty) fees were "unreasonable" for a FOIA litigation. *Id.* In *Cornucopia*, plaintiff billed approximately $10,000 for litigating the merits of the FOIA litigation and an additional $30,000 litigating fees. *Id.* at 227. Specifically, the court found "that the total fee request [was] unreasonable because an undue portion of it derive[d] from time billed for litigating and mediating the amount of attorneys' fees, rather than the merits of the underlying FOIA action." *Id.* The court found that the fees-on-fees amount would "constitute an unsupportable windfall." *Id.* (citing e.*g., Baylor v. Mitchell Rubenstein & Assocs., P.C.,* 857 F.3d 939, 959 (D.C. Cir. 2017)) (noting that fee petition was excessive in part because time spent on fee litigation "easily exceeded" work on the underlying claim). Rather than perform an item-by-item accounting the Court reduced the fees-on-fees component of the fee award to $2,000.00 and reduced "the award for time billed on the merits by 25% merits." *Cornucopia,* 285 F. Supp. 3d at 228. Likewise here, the Court should reduce the time billed on the merits and the fee award to avoid an unsupportable windfall in this matter.

**D.    Plaintiff is Not Entitled to an Award of Fees on Fees**

**1.    Defendant's Rule 68 Prevents the Court from Awarding Fees on Fees if the Court Determines that Plaintiff is Not Entitled to Fees over $23,250 for Work Completed Prior to November 5, 2024**

Although Plaintiff fails to break down the hours spent litigating the merits of the underlying claim and attorney's fees, it is clear Plaintiff seeks a total award that includes "fees on fees." Defendants made a valid Rule 68 offer of settlement on November 5, 2024, for $23,250.00 to resolve the issue of attorneys' fees. *See* Smith Decl. Exhibit E. Plaintiff did not accept. Rule 68 is "a federal statute ... provid[ing] otherwise" that allows for the recovery of attorney's fees. Fed. R. Civ. P. 54(d)(1), 68. It

1    allows a party defending a claim in a lawsuit to serve on the opposing party, any time more than 14 days

2    before trial, "an offer to allow judgment on specified terms, with the costs then accrued." "Rule

3    68 provides an additional inducement to settle in those cases in which there is a strong probability that

4    the plaintiff will obtain a judgment, but the amount of recovery is uncertain." *Delta Air Lines v. August*,

5    450 U.S. 346, 352 (1981). In accordance with Fed. R. Civ. P. 68(d), if a plaintiff does not accept an

6    Offer of Judgment, the Plaintiff must beat the amount offered to establish eligibility to costs and fees

7    after the date the offer of Judgment was made. See Smith Decl. Exhibit E. Here, Plaintiff must establish

8    that an award in excess of $23,250 is reasonable for work completed up to and including November 5,

9    2024 in order to recover for costs and fees billed after November 5, 2024. *See* Smith Decl. Exhibit B and

10   Exhibit C.

11
12
          **2.**      **Hours Spent on Attorneys' Fees is Disproportionate to the Time Spent on the Merits of the Case and the Court Should Reduce Any Fee Award Proportionally**

13          If the Court finds that Plaintiff is eligible and entitled to a fee award over $23,250 for work done

14   between April 25, 2023 and November 5, 2024, then Plaintiff may recover attorney's fees for time

15   reasonably expended on a motion for attorney's fees and costs. *Brown v. Sullivan*, 916 F.2d 492, 497

16   (9th Cir. 1990). However, an inflated request for a "fees-on-fees" award may be reduced to an amount

17   deemed reasonable by the awarding court, and the Court should do the same here where Plaintiff seeks a

18   total of 67.8 hours associated with attorneys' fees and only 31.47 hours in time spent litigating the

19   merits of the underlying FOIA claim. *Human Rights Def. Ctr. v. Cnty. of Napa*, No. 20-cv-01296-JCS,

20   2021 U.S. Dist. LEXIS 59778, at *44 (N.D. Cal. Mar. 28, 2021) ("As a general rule, fees awarded for

21   work on a fee motion should 'bear a rational relation to the number of hours spent litigating the merits of

22   the case.'").

23          Plaintiff seeks an attorneys' fees award of $81,821.83, of that $ 55,876.13 is billed solely for

24   fees-on-fees. Plaintiff's fee-on-fee comprises 68.29% of the attorneys' fees demand. Plaintiff seeks

25   $25,937.52 for merits litigation which comprises 31.7% of the hours billed in the fee demand. The

26   request for an award on fees is excessive and unreasonable and presents the classic case of "the

27   attorney's fees tail wagging the dog." *Elec. Frontier Found.*, 2014 WL 6469122, at *6 (finding an

28   unreasonable amount of hours were expended on the fee motion where half of the $97,075.50 in charged

DEFENDANTS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES

1   fees related to the fee motion); *see also Cornucopia Inst.*, 285 F. Supp. 3d at 227 (finding fees-on-fees

2   award unreasonable when the amount accounted for approximately 70% of the total fee request and

3   reduced fee award by 94.33%).

4          An inflated request for fees on fees "may be reduced to an amount deemed reasonable by the

5   awarding court." *Rosenfeld v. U.S. DOJ*, 903 F. Supp. 2d 859, 878 (N.D. Cal. 2012) (reducing fees on

6   fees by 30%). Plaintiff's request is grossly inflated. The amount of time spent – on drafting the motion,

7   preparing declarations, paying for declarations, and justifying rates – is inconsistent with Plaintiff's

8   counsel's touted familiarity with FOIA litigation in general and FOIA attorney's fees litigation in

9   particular. *See, e.g.,* P*ublic.Resource.org,* 2015 WL 9987018, at *8 (finding fees on fees request

10  excessive and reducing 25%); *Ecological Rights Found. v. Fed. Emerg. Mgmt. Agency*, 365 F. Supp. 3d

11  993, 1007-08 (N.D. Cal. 2018) (unreasonable for experienced FOIA counsel to spend many hours

12  researching and justifying prevailing rates); *see also* N.D. Cal. Dkt. 3:18-CV-01979-WHA, ECF No.

13  159-1 (similar Olson fees declaration in prior FOIA case). In *Public.Resource.org v. United States*

14  *Internal Revenue Service* ("*PRO*"), the court found that 58.7 hours and $24,787.50 in fees "an excessive

15  amount of time to spend on this [fee] motion" and reduced the fees-on-fees requested by 25 percent to

16  $18,590.63.  No.13-cv-02789-WHO, 2015 WL 9987018, at *8 (N.D. Cal. Nov. 20, 2015).  In another

17  case, *American Immigration Council v. United States Department of Homeland Security*, the court

18  reduced by 25% a fee-on-fee award based on 52.05 hours because of "significant overstaffing" by

19  plaintiffs in that matter. 8 F. Supp. 3d 396, 412 (D.D.C. 2015). The Court has the authority to award "a

20  fee below what a 'reasonable' fee would have been in order to discourage fee petitioners from

21  submitting an excessive request." *Leopold v. U.S. DOJ*, No. 21-cv-942-TNM-ZMF, 2023 U.S. Dist.

22  LEXIS 23538, at *22 (D.D.C. Jan. 26, 2023) (internal citation omitted)). Accordingly, if fees-on-fees is

23  considered by the Court, Plaintiff's award should be reduced by a significant percentage in line with

24  these cases. Where an unreasonable amount of time is spent preparing a motion for attorneys' fees,

25  courts have reduced fees claims to avoid encouraging unnecessary and burdensome litigation.

26         Second, this amount should be reduced based on the overall complexity of the underlying

27  litigation. *See Cornucopia Inst.*, 285 F. Supp. 3d at 227 (finding that the total fee request was

28  unreasonable in part because "the merits themselves were resolved quickly in a straightforward manner,

1    with no need for additional briefing, and, as noted above, the change in circumstances also played a role

2    in the agency's decision to release the material."). Similarly, here, the merits of the FOIA litigation took

3    approximately six months to resolve, did not require any briefing or judicial intervention, and the agency

4    actively worked with Plaintiff to set out a production schedule and address challenges to the

5    withholdings to reach a resolution of this matter without the need for judicial intervention.

6    **E.    The Court Should Deny Plaintiff's Request for a Multiplier**

7         The lodestar amount is presumptively reasonable and may only be adjusted in "rare

8    circumstances in which the lodestar does not adequately take into account a factor that may properly be

9    considered in determining a reasonable fee." *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554,

10   130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010); *see also Parsons v. Ryan*, 949 F.3d 443, 467 (9th Cir.

11   2020). Generally, when determining whether to enhance a lodestar, courts consider: "(1) the novelty and

12   difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the

13   nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of

14   the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d

15   25, 49 (1977)). Courts also recognize that "the lodestar figure includes most, if not all, of the relevant

16   factors constituting a 'reasonable attorney's fee' and an enhancement may not be awarded based on a

17   factor that is subsumed in the lodestar calculation." *Perdue*, 559 U.S. at 553 (internal quotation marks

18   and citation omitted). The "novelty and complexity of a case generally may not be used as a ground for

19   an enhancement because these factors presumably are fully reflected in the number of billable hours

20   recorded by counsel." *Id.* (cleaned up). Furthermore, "the quality of an attorney's performance generally

21   should not be used to adjust the lodestar because considerations concerning the quality of a prevailing

22   party's counsel's representation normally are reflected in the reasonable hourly rate." *Id.* (internal

23   quotation marks and alterations omitted). "[T]he burden of proving that an enhancement is necessary

24   must be borne by the fee applicant." *Perdue*, 559 U.S. at 553.

25        Plaintiff makes no arguments and cites no case law to support an award of a multiplier in this

26   case and on this basis alone should be denied

27

28

1  **CONCLUSION**

2       For the foregoing reasons, Plaintiff's motion for attorneys' fees should be denied. If the Court

3  finds that Plaintiff is entitled to an award of fees, the award should be substantially reduced to include

4  only those reasonable fees and costs at a reasonable hourly rate that the Court determines appropriate in

5  the exercise of its discretion.

6  Dated: February 18, 2025              PATRICK D. ROBBINS
                                         Acting United States Attorney
7
                                         */s/ Valerie E. Smith*
8                                        VALERIE E. SMITH
                                         Assistant United States Attorney
9                                        Counsel for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES
23-cv-2956-TSH                                    25