DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone: (202) 861-5251
Facsimile: (202) 232-7203
dsnyder@publicjustice.net

RACHEL S. DOUGHTY (California State Bar No. 255904)
LILY A. RIVO (California State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
rdoughty@greenfirelaw.com
lrivo@greenfiirelaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, UNIFORMED SERVICES UNIVERSITY OF THE HEALTH SCIENCES,<br><br>  Defendant. | Case No. 23-cv-02956-TSH<br><br>**SECOND DECLARATION OF RACHEL S. DOUGHTY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, Rachel S. Doughty, hereby declare the following:

1. I am over the age of eighteen and competent to make this declaration, which is based upon my personal knowledge. I am cocounsel for Plaintiff US Right to Know ("USRTK") in the above-captioned litigation. My firm, Greenfire Law, PC ("GFL") represents USRTK as cocounsel and local counsel in this action.

2. When preparing GFL's timesheet in support of Plaintiff's Motion for an Award of Attorneys' Fees and Costs, I was working to increase the size of the text to make the timesheet more readable for the Court. During the conversion process from spreadsheet to PDF, the "USER" field in the GFL timesheets was inadvertently removed.

3. I was not made aware of this inadvertent error until I reviewed Defendant's opposition to USRTK's fee motion. On February 21, 2025, I wrote an email to Valerie Smith, AUSA representing Defendant, explaining that USRTK intended to correct the issue. I explained that USRTK would stipulate that the government may file a supplement brief in response to the correct timesheets. On February 24, Ms. Smith informed me that the government would oppose USRTK's attempts to correct the issue. I wrote back again on February 25, explaining that the Guidelines for Professional Conduct in this District state that "a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected." I requested the Government's consent in a 10-day extension to file something with the Court to address this issue. On February 26, Ms. Smith informed me that USU maintains its objections, but that it would stipulate to a briefing schedule with specific limitations, including that USRTK would not seek fees for time on the briefs, and that Defendant would receive an additional 14 days to file a sur-reply. After additional discussion, it became clear that the parties would not be able to timely agree to a briefing schedule with the limitations proposed and, in our estimation, the back-and-forth was making an inadvertent filing error far more difficult than it needed to be. Accordingly, GFL filed an errata with the Court on Friday, February 28. Attached hereto as **Exhibit A** is a true and correct copy of my email exchange with Ms. Smith.

4. Plaintiff provided the GFL spreadsheets which included the "USER" field to Defendant during fee negotiations, meaning Defendant was aware that this information was maintained by GFL throughout the course of the litigation. Attached hereto as **Exhibit B** is a true and correct copy of the GFL timesheet provided to Defendant during fee negotiations.

5. On December 23, 2025, the first business day after USRTK submitted its fees and costs motion on December 20, I became aware that Mr. Drury's declaration was not filed on the Court's docket in the PACER system. Upon this discovery, USRTK immediately notified Ms. Smith, explaining the situation and asking if USU had any objections to the filing of the Drury declaration that day. A few hours later, USRTK wrote Ms. Smith again, informing Defendant that USRTK would file the declaration that day, and noting that, "Given the length of time you have to respond to the fee motion and its supporting evidence, I trust this filing will not be objectionable. In the event you do indeed have an objection, please contact us to confer." At no point did Ms. Smith contact USRTK to confer on this issue. Attached hereto as **Exhibit C** is a true and correct copy of USRTK's emails to Ms. Smith.

6. Defendant's counsel requested an elongated timeframe to respond to USRTK's fee motion due to being out of the office for three weeks between December and January. USRTK consented to that schedule. Later, on January 27, 2025, Defendant requested a two-week extension of its briefing deadline to accommodate new agency counsel. USRTK also consented to that extension.

7. When it became clear that the parties would be unable to settle this fee dispute, Defendant served a Rule 68 offer of judgment on USRTK. Plaintiff provided a response to that offer, explaining its position that the offer was legally void because it did not establish liability and stated that attorneys' fees could be awarded against USRTK. Defendant refused to rescind the Rule 68 Offer. A true and correct excerpt of the parties' email communications is provided herewith as **Exhibit D**. USRTK has redacted discussions concerning offers and counteroffers exchanged between the parties as they were subject to Rule 408.

8. Counsel for Defendant references fees in the matter of *Story Of Stuff Project et al v. United States Forest Service*, 1:17-cv-00098-APM, at Dkt. No. 50-4 at 11 (D.D.C. Feb. 14, 2020). In that

matter, for reasons particular to that negotiation, the parties stipulated to the USAO fee matrix rates. A true and correct copy of that stipulation is attached hereto as **Exhibit E**. A true and correct copy of the USAO fee matrix from those years is attached here to as **Exhibit F**.

9. A true and correct copy of Greenfire Law's updated timesheet is attached hereto as **Exhibit G**. These result in increases above prior demands:

| Timekeeper & Role | Experience | Hourly Rate | Billed Hours | Hours Sought (percent reduction) | Total Requested |
|---|---|---|---|---|---|
| Daniel C. Snyder, Lead Counsel | 15 years (as of 2025) 2010 Graduate | $878 | 62.80 | 56.52, with 10% "haircut" | $46,864.08 |
| Rachel Doughty, Co-Counsel & Local Counsel | 21 years (as of 2025) 2004 Graduate | $878 | 20.10 | 15.6 (22% reduction) | $13,696.80 |
| Lily Rivo, Co-Counsel & Local Counsel | 20 years (as of 2025) 2005 Graduate | $777 | 28.30 | 18.82 (33% reduction) | $14,623.14 |
| Christian Bucey, Co-Counsel & Local Counsel | 8 years (as of 2025) 2017 Graduate | $777 | 1.4 | 0 (100% reduction) | Zero – Billing Discretion |
| Donna Wallace, Senior Paralegal | Professional Staff | $239 | 1.8 | 0 (100% reduction) | Zero – Billing Discretion |
| Kathy Morris, Senior Paralegal | Professional Staff | $239 | .3 | .3 | $71.70 |
| Jessica San Luis, Senior Paralegal | Professional Staff | $239 | 15.8 | 7.37 (53% reduction) | $1,761.43 |
| Nuria de la Fuente, Legal Assistant | Professional Staff | $239 | 6.5 | 2.85 (56% reduction) | $681.15 |
| **Total** | | | 137 | 101.46 | $77,698.30 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Dated this 7th day of March, 2025.

/s/ *Rachel S. Doughty*
Rachel S. Doughty
*Attorneys for Plaintiff US Right to Know*