DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone:    (202) 861-5251
Facsimile:    (202) 232-7203
dsnyder@publicjustice.net

RACHEL S. DOUGHTY (California State Bar No. 255904)
LILY A. RIVO (California State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
Telephone:    (510) 900-9502
Facsimile:    (510) 900-9502
rdoughty@greenfirelaw.com
lrivo@greenfiirelaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, UNIFORMED SERVICES UNIVERSITY OF THE HEALTH SCIENCES,<br><br>        Defendant. | Case No. 23-cv-02956-TSH<br><br>**EXHIBIT D**<br><br>**TO SECOND DECLARATION OF RACHEL S. DOUGHTY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

**Dan Snyder**

| | |
|---|---|
| **From:** | Dan Snyder |
| **Sent:** | Tuesday, November 5, 2024 3:52 PM |
| **To:** | Smith, Valerie (USACAN) |
| **Cc:** | Lily Rivo |
| **Subject:** | RE: FRE 408 - USRTK v. USU - Plaintiff's Fees & Costs Demand |

Valerie – Your offer of judgment is void, and I do not agree to include it in the status report. FRCP 68(b) (unaccepted offers are withdrawn and not admissible evidence). The offer of judgment does not indicate that USU violated the FOIA, meaning it is no "judgment" at all. An Offer of Judgment under Rule 68 must dispense with liability as well as fees and costs, yet here you say it "is not intended, and shall not be deemed or construed as, an admission about the merits of Plaintiff's claims for attorneys' fees and costs." It cannot be both ways under Rule 68. You also maintain that USRTK is not eligible nor entitled to fees in the status report, suggesting you intend to argue that USU did not violate the FOIA. This directly conflicts with an offer of judgment.

The offer also includes additional language that USRTK would never agree to and that has no basis under Rule 68. For instance, it suggests attorney fees may be part of the "costs" in a Rule 68 Offer of Judgment in FOIA matters, but courts have held the exact opposite. Elec. Priv. Info. Ctr. v. United States Dep't of Homeland Sec., 982 F. Supp. 2d 56, 62 (D.D.C. 2013), dismissed sub nom. Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec., No. 13-5113, 2014 WL 590977 (D.C. Cir. Jan. 21, 2014), and dismissed sub nom. Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec., No. 13-5372, 2014 WL 590996 (D.C. Cir. Jan. 21, 2014) ("because FOIA allows attorneys' fees for only plaintiffs and not the United States, 5 U.S.C. § 552(a)(4)(E)(i), EPIC would be responsible for DHS's post-offer costs *exclusive* of attorneys' fees if the Court awards EPIC less than what DHS offered under Rule 68 for work done prior to the offer"). Because the FOIA only allows fees against the United States and not two-way fee shifting, your assertion that USRTK will somehow be on the hook for DOJ's attorneys' fees in the Rule 68 Offer is unlawful and incorrect.

If you will not withdraw the Rule 68 offer, then I will file a motion with the Court to have it stricken based on these legal infirmities. This will needlessly increase the costs of this case to the US Taxpayer.

[redacted]

On the status report, I am uncertain why the government requires 45 days to respond to our motion for fees. It is our affirmative burden, not USU's, to establish entitlement and eligibility. I think the standard 21-day response window for dispositive motions would be more than sufficient. I also do not agree to a seven-day reply window. I propose 21 days for opposition briefing, and 14 days for reply briefing.

One other idea if you want to try to shortcut this: I'll agree to a mediation on fees and costs with a magistrate judge if you can have your decisionmaker's on the line and ready to accept the MJ's settlement recommendation. We've done this successfully in many cases, and it can be especially useful for agency decisionmakers to hear it from a judge how much he or she thinks the plaintiff should be paid.

Best,

Dan

**From:** Smith, Valerie (USACAN) <Valerie.Smith2@usdoj.gov>
**Sent:** Tuesday, November 5, 2024 2:51 PM
**To:** Dan Snyder <dsnyder@publicjustice.net>
**Cc:** Lily Rivo <lrivo@greenfirelaw.com>
**Subject:** RE: FRE 408 - USRTK v. USU - Plaintiff's Fees & Costs Demand

**Confidential Communication Pursuant to Fed. R. Evid. 408**

Dan,

[redacted]

Attached is an offer of judgment pursuant to Rule 68 in the amount of $23,250. This offer can be accepted for up to 14 days until and including November 19, 2024.

If we are unable to resolve this matter at the offer of $23,250, I've attached a draft status report which outlines a proposed briefing schedule. I look forward to receiving your motion and declarations to support your requested hourly rate and the hourly rate quested for Ms. Rivo as well as the attempts to justify the reasonableness of the bills provided.

Best,
Valerie E. Smith
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
valerie.smith2@usdoj.gov
(415) 436-6985 (direct)

**From:** Dan Snyder <dsnyder@publicjustice.net>
**Sent:** Monday, November 4, 2024 5:12 PM
**To:** Smith, Valerie (USACAN) <VSmith2@usa.doj.gov>
**Cc:** Lily Rivo <lrivo@greenfirelaw.com>
**Subject:** [EXTERNAL] Re: FRE 408 - USRTK v. USU - Plaintiff's Fees & Costs Demand

FRE408

[redacted]

Best,

Dan
Sent from my iPhone

> On Nov 4, 2024, at 6:30 PM, Smith, Valerie (USACAN) <Valerie.Smith2@usdoj.gov> wrote:
>
> **Confidential Communication Pursuant to Fed. R. Evid. 408**

Sec. Doughty Decl. Ex. D p.2